and order dismissing plaintiff's complaint on the merits after taking a special verdict, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Thomas F. Magner, for appellant.

C. N. Bovee, for respondent.

WOODWARD, J. Dr. J. P. Mooney was in possession of the premises at 118 Kent street, borough of Brooklyn, under a written lease on the 6th day of August, 1900. This lease made no provision for the landlord to make repairs, but the plaintiff, over the objection and exception of the defendant, was permitted to put in evidence a certain alleged oral agreement on the part of the defendant Rushmore, as one of the executors and trustees under the will of Morris R. Williams, deceased, to make repairs. The plaintiff, a relative of Dr. Mooney's wife, was engaged as housekeeper for Dr. Mooney, and in going to the cellar fell, and was injured, because of an alleged defect in the stairs. The ground of negligence is not that the defendant, in making repairs, did the work in a negligent manner, but that he failed to make any repairs. The learned court at Trial Term submitted several questions to the jury, and on the coming in of a verdict for $3,000 in favor of the plaintiff set the same aside, and entered an order dismissing plaintiff's complaint upon the merits. The plaintiff appeals.

I am of opinion, assuming that the defendant made the agreement alleged, that the plaintiff has failed to make out a cause of action, and that the complaint was properly dismissed. See Frank v. Mandel, 76 App. Div. 413, 416, 417, 78 N. Y. Supp. 855, and authorities there cited; Stelz v. Van Dusen, 93 App. Div. 358, 87 N. Y. Supp. 716.

The judgment and order appealed from should be affirmed, with costs. All concur.

(99 App. Div. 509)

### ROBINSON v. NEW YORK & S. I. ELECTRIC CO.

(Supreme Court, Appellate Division, Second Department. December 15, 1904.)

1. RECEIVERS—LIABILITY FOR INJURIES TO EMPLOYÉ—PRIORITY OF CLAIM.

A judgment for personal injuries to an employé in the operation of property under receivership should be paid by the receiver from the income of the property, the same as operating expenses, such judgment having priority over receiver's certificates for current expenses, or mortgage or other debts existing when the receiver was appointed.

Appeal from Special Term.

In proceedings by James A. Robinson for the appointment of a receiver of the property of the New York & Staten Island Electric Company, John Greenough was appointed receiver, and from an order directing him to pay two judgments in favor of Frederick Bryant, the receiver appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Eugene Treadwell, for appellant.
Gilbert D. Lamb, for respondent.

WOODWARD, J.   John Greenough was appointed temporary receiver of the property of the defendant by an order entered February 28, 1902, in an action brought by the plaintiff for the sequestration of the property of the New York & Staten Island Electric Company.   The receivership was subsequently made permanent.   The original order directed the receiver to take possession of the property, and to—

"Hold and use the same, controlling, managing, and operating, by its superintendents, managers, servants, or other agents or attorneys, the electric plant of the said defendant, and all other property, real and personal, and franchises of the said electric company, with the appurtenances, and conducting the business and operations thereof, and exercising the franchises appertaining thereto,  *  *  *  and to collect and receive all tolls, income, rents, issues, and profits of the same, and every part thereof.  *  *  *

"That said receiver be, and he hereby is, directed to demand, collect, and receive all tolls, income, rents, dues, and charges that may be now due and unpaid, or that may become due pending his receivership; and that the said receiver is hereby empowered to continue the business of the said New York & Staten Island Electric Company; to use and employ the said property of the said electric company in conducting its business of an electric light, heat, and power company, and the doing of each and every act and acts, thing and things, incidental to or growing out of or connected with the operation of its plant and appurtenances.

"That the said receiver is hereby authorized and empowered to purchase all supplies, materials, and equipment that may be necessary for the transaction of the business of the said electric company, and the keeping in repair of the said property and the premises, and the carrying out of the provisions of this or any other order of the court.

"That the said receiver is hereby authorized to employ an agent or agents, superintendent or superintendents, and assistants, clerks, and employés necessary in his judgment, and to pay the reasonable value of their services, and to make such disbursements and payments as may be necessary to exercise the powers conferred upon him, and to conform to the provisions of this and any other order of the court made herein."

On the 29th day of March, 1902, an order was entered authorizing the receiver to issue certificates to an amount not exceeding $30,000, the money to be borrowed upon such certificates to be used in maintaining in repair and preserving the plant of the electric company, as well as in the payment of wages, etc.; and it was provided that "said receipts for said loan shall in the first instance be paid, as far as possible, out of the income generally of said company (after deducting the operating expenses and the expenses of the receivership) as it may arise from time to time, particularly such income as may arise from its contract with the city of New York for lighting in the borough of Richmond."   It will thus be seen that the receiver was fully authorized and empowered to take over the plant and franchises of the defendant, and to operate the same for the benefit of the creditors, and that the receiver's certificates were to be paid out of the income generally, after deducting the operating expenses and the expenses of the receivership.   On the 30th day of June, 1902, Frederick Bryant, an employé of the receiver, was injured through the negligence of the receiver or those acting in his behalf, and his claim for damages has since been liquidated by a judgment against the receiver for $4,821.36.   On the

7th day of July, 1902, a judgment was entered, appointing John Greenough permanent receiver, and directing him to sell the property, franchises, etc., of the defendant, and this judgment provided that the "question as to the distribution of said assets and money, and of the rights and interests of the respective parties claiming the same, or any part thereof, and other questions not herein disposed of, including the question of costs, be reserved for further direction." The receiver filed his account as directed by the judgment mentioned, showing his disbursements, on the 10th day of May, 1904, and it appears from this account that subsequent to the 20th day of September, 1902, at which time notice of motion by Bryant to sue the receiver was served, the latter paid out, without notice to Bryant, large sums of money, collected out of the earnings of the business, for betterments and for the payment of receiver's certificates, and the receiver now refuses to pay the claim of Bryant, who has been permitted to intervene, on the ground that the funds collected by him have already been disbursed. The learned court at Special Term has directed the receiver to pay the amount of this claim, and, from the order entered, appeal comes to this court.

We believe the order was properly made, and, if the receiver has allowed the funds in his hands to pass beyond his control, he has done so contrary to the orders of the court, and in disregard of his duty, and he has only himself to blame for the hardship. When the court took into its possession the property of the defendant, and undertook to continue the plant in operation for the benefit of judgment creditors, it did so subject to the same risks which would attach to the corporation if it continued to exercise its franchises, and among these risks was that of personal injuries to employés through the negligence of the agent or servants of the court. It could not continue the operation of the plant, and deny to those injured through its negligence a remedy, so long as the property in the hands of the court was adequate to discharge the obligation, for it would be a gross injustice to hold that the rights of the injured employé could be made secondary to those of creditors in whose behalf the plant was being operated; that they could take some portion of his rights and apply them to the payment of their debts. While it is true that claims for injuries occurring before the receivership are not commonly allowed a preference over the claims of others, we know of no case which is controlling here which has asserted the doctrine that creditors or holders of receiver's certificates can be preferred over the claim of those who have suffered injury through negligence while the plant was in the control of the receiver for the benefit of creditors. On the contrary, the rule is established by authority that damages for injuries to persons or property during the receivership, caused by the torts of the receiver's agents and employés, are passed as operating expenses, and are accorded the same priority of payment as belongs to other necessary expenses of the receivership. Such claims are paid out of the net income if that is sufficient, but in the event of a deficiency they will be paid out of the corpus. Such claims, therefore, have priority over mortgage debts, or other debts existing when the action was brought in which the receiver was appointed. 24 Am. & Eng. Ency. of Law (2d Ed.) 31;

Union Trust Co. v. Illinois Midland Co., 117 U. S. 434, 464, 6 Sup. Ct. 809, 29 L. Ed. 963; Kain v. Smith, 80 N. Y. 458, 470, and authorities there cited; Cowdrey v. Galveston, Houston & Henderson R. R. Co., 93 U. S. 352, 354, 23 L. Ed. 950; Barton v. Barbour, 104 U. S. 126, 133, 26 L. Ed. 672. See, also, Texas & Pacific Railway v. Johnson, 151 U. S. 81, 99, 14 Sup. Ct. 250, 38 L. Ed. 81; Texas & Pacific Railway Co. v. Bloom's Administrator, 164 U. S. 636, 641, 17 Sup. Ct. 216, 41 L. Ed. 580. In the Cowdrey Case, supra, the court say (page 354, 93 U. S., page 950, 23 L. Ed.):

"The allowance for goods lost in transportation, and for damages done to property whilst the road was in the hands of the receiver, was properly made. The earnings received were as much chargeable with such loss and damage as they were chargeable with the ordinary expenses of managing the road. The bondholders were only entitled to what remained after charges of this kind, as well as the expenses incurred in their behalf, were paid."

The rule cannot be different merely because the defendant in this action is an electric lighting company instead of a railroad. The receiver's certificates were to be paid from the earnings generally of the plant after the payment of the operating expenses, and, as Bryant's claim for damages for personal injuries received during the receivership constituted a part of the operating expenses, any payments made by the receiver to the holders of certificates, or to creditors, without making provision for the payment of the claim of the latter, was contrary to the letter and the spirit of the orders of the court, and he cannot complain if he is now called upon to pay this portion of the operating expenses. He has had sufficient money in his hands properly applicable to the payment of this claim, and Bryant ought not to be made to suffer loss because the receiver may have disregarded his duty. Upon the sale of the property there was a considerable sum realized, in addition to that which was received from the operation of the plant, so that the certificate holders could all be paid, as well as the claims for operating expenses, as that term is understood in cases of this character, and the judgment creditors were entitled only to that which remained when these obligations were paid. Cowdrey v. Galveston, etc., R. R. Co., supra.

The order appealed from should be affirmed, with costs. All concur.