GARDNER *v.* MARTIN.

[85 South. 182. In Banc. No. 21133.]

FALSE IMPRISONMENT. *Libel and slander. Receiver liable for punitive damages for willful or malicious acts of employees.*

In a suit in tort against a receiver for actual and punitory damages, punitory damages, may be awarded against the receiver in his official capacity for the willful, wanton, oppressive, or malicious acts of his employees.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Miss Carmen Martin against Hanun Gardner, receiver of the Great Southern Hotel Property. Judgment for plaintiff, and defendant appeals. Affirmed on conditions of a remittitur, and otherwise reversed and remanded.

*B. E. Eaton,* and *White & Ford,* for appellant.

Instruction No. 4 for appellee, is as follows: "The court instructs the jury for the plaintiff that if they find a verdict for her, and further believe from the evidence that the conduct of Mr. Lawrence and Mrs. Lawrence, towards plaintiff was wilful, wanton and oppressive, and malicious, then, in addition to actual damages they may find punitive damages against the defendant as a punishment for such wilful, wanton, oppressive and malicious conduct, if any there was, that Mrs. Lawrence and Mr. Lawrence were guilty of towards Miss Martin, the whole amount of damages not to exceed twenty-five thousand dollars."

This instruction peremptorily charges the jury that in case they find for plaintiff to give her a verdict for any actual damages she sustained, which it is conclusively shown resulted from her own act in going into a married man's room under suspicious circumstances, and then in making public the fact that she had been discovered and ejected. This instruction disregards the evidence in the case upon which the jury might base a verdict, but gives them the right to find that the actions of appellant's agent was malicious if they see fit, without regard to the facts. There is no evidence tending to show malice, but on the other hand Mrs. Lawrence was simply performing a duty she owed to her employer. It authorizes them to find a verdict regardless of damage. It tells the jury if they find for plaintiff to find for actual damages, then if

they so find, that they may add punitive damages notwithstanding the fact that the expressions of indignation by Mrs. Lawrence, were the natural result of plaintiff's own conduct. Our court has settled the proposition that punitive damages are only allowable for·malicious and wanton disregard of the rights of others. *Traction Co.* v. *Taylor,* 112 Miss. 60.

It tells the jury that the chancery court of Harrison county must be punished for the acts of its appointees, or that the owner of property under the control of the court must be punished for the malicious act of the employees of an officer of the court. In this case the owner of the property under the control of the court must be punished for the malicious act of the employees of an officer of the court. In this case the owner of the property is not in possession and has no control over it. Mr. Gardner was the receiver of the court and amenable to it and acting only by virtue of its orders and directions. He was not appointed by Mrs. Stewart, the owner of the property, but was appointed by the court. Mrs. Stewart cannot be said to be chargeable with the selection of a proper officer, because she didn't select him. The chancery court selected him and gave him authority to run the hotel and employ the Lawrences. So if the rule that a receiver is liable for punitive damages is adopted, then the innocent owner of the property, which gets into the hands of a receiver, is liable, or must bear the loss for an act of the chancery court in selecting a receiver. This is not the law. Newell, Libel and Slander, sec. 486.

There has been a diversity of opinion as to whether a receiver is liable in his individual or official capacity for torts committed under color of his authority as receiver, even for actual damages. The generally accepted doctrine, however, is that the receiver operating property in his hands, and especially a railroad, is liable to a third person in his official capacity, for actual damages, sustained from the operation of the property in his custody.

23 R. C. L. Receivers, sec. 90.; *McNulty* v. *Lochridge,* 35 L. Ed. (U. S.) 796.

There is no such established rule with reference to punitive damages nor is there any just theory upon which the property of an individual in the custody of a receiver, appointed by a court can be subjected to a judgment for punitive damages for a malicious tort committed by an agent .or employee of a receiver. The Lawrences were employed by the receiver in obedience to an order of court directing him to operate the hotel. There is no evidence that the receiver failed to use due care in the selection of his employees and hence there can be no personal liability of the receiver who selected and employed them because of any malicious conduct on their part; and surely the owner of the property who had no voice in their selection, and no power to discharge them, is not responsible for punitive damages for their malicious conduct toward a person who was not a guest of the hotel, and to whom neither the owner nor the receiver owed any duty of any kind.

Punitive or exemplary damages are awarded, not as compensation for damages sustained, but to punish either the party who is guilty of, or the party who is responsible for, a wrong committed through malice, the purpose being two-fold to punish the guilty party and to deter others, or as was said in *Y. & M. V. R. R. Co.,* v. *Williams,* 87 Miss. 344, cited in *Railroad* v. *May,* 104 Miss. 422, to punish the culprit and to protect the public, we submit that to subject the property of A to damages for a malicious tort committed by B. who is not employed by nor under the control of A, will neither punish B nor deter C nor protect D or E so it is, there is no theory upon which punitive damages have ever been allowed which applies in this case.

Where actual damages for a tort committed by a receiver of a railroad, or other property, are recoverable against him in his official capacity, such recovery can only

be justified on the ground that he is acting for and in the interest of the estate in his hands and that therefore a person injured or damaged by such operation cannot be deprived of compensation for a wrong, to which he is entitled as a matter of right, by compelling him to seek redress through an action against the receiver in his individual capacity when such receiver may, or may not, be solvent. But punitive damages are not recoverable as a matter of right. 17 C. J., page 971; *Railroad* v. *Burke,* 53 Miss. 200. Even a surety on an official bond is not liable for punitive damages, for a malicious act, on the part of the officer. *State* v. *Lizana,* 109 Miss. 464.

In the instant case by the instruction, the property in the custody of the court is subjected to a judgment for punitive damages for the malicious tort of an employee of the receiver while neither the surety on the official bond of the receiver, nor the receiver himself is liable.

Whether or not such damages are recoverable at all is always a matter of discretion with the jury, and when allowed by a jury it is to punish a wrongdoer, and not to punish an innocent party, whose property, through his misfortune or business complications is taken from his own custody and control and is being administered under a receiver selected by the court and over whose actions and over whose employees the owner of the property has no control.

So having seen that the purpose of punitive damages is to serve as an example and as a deterrent for others, even in cases where punitive damages are recoverable, should we deter hotels, in which the wives and daughters of the citizens of the country must stop when traveling, from being careful in instances of this kind? Should this hotel be held up as an example? Looking at the whole case who should be held up as an example to deter others? Certainly appellee's conduct should deter other women and girls. But she again reverses the order of things and asks for punitive damages as a reward for

her conduct. Our court has frequently said it will not let juries, having power (in a proper case) to award punitive damages, create a weapon of oppression, and that such cases are always for the final determination of this court.

Another defect in the instructions above mentioned is that appellee does not separate in her instructions the question of slander and false imprisonment but mingles the two in all her instructions. The jury might believe one material fact in the slander proposition to which a principle of law as applied to false imprisonment, did not remotely relate, and *vice versa,* but still the instructions do not discriminate between the two. For the errors in this instruction for appellee we submit this cause should be reversed.

It was certainly error to allow appellee to show the financial worth of Mrs. Stewart, in no sense a proper party to the suit, but joined for the very purpose of showing her worth. A peremptory instruction was granted Mrs. Stewart. The receivership property only is liable for the obligations of the receiver. High on Receivers, sec. 255; Newell, Libel and Slander, sec. 486, 200 Fed. Rep. 647.

Here we have a suit against one party, an officer of a court and the worth of another party not connected with the transaction, shown in order to fix a basis for damages. Counsel were allowed to argue to the jury over objection that the suit was really against Mrs. Stewart.

*Geo. S. Dodds,* and *Mize & Mize,* for appellee.

One of the contentions of appellant is that a receiver is not liable in punitive damages. The receiver, so to speak, stands in the shoes of the person over whose property he is appointed receiver. "For any torts committed by his servants while operating the property,

under his management, he is responsible, under the principle of respondent.'' Bottom p. 405. To same effect is High on Receivers, sec. 395; also .24 C. C. A. 280; 78 Virginia 544; 50 Am. Report 445; 77 Missouri 475, 5 Am. Report, 633; *Jkeub* v. *Hewet* 26 B. J. Eq. 474. (Imortant) in the case of *Central Trust Co.* v. *Wabash R. R. Co.,* 26 Fed. 12; Smith on Receivers (2 Ed.), with supplement, at p. 395.

We think the foregoing authorities decisive of our contention but our own court has decided the proposition favorably to our contention, in the case of 68 Miss. 648. Which holds that a statute prescribing a penalty of five hundred dollars against a railroad company for failure to keep posted a bulletin board, is applicable to a receiver.

The court will see from this decision of our court that a penalty prescribed with reference to a railroad was held applicable against the receiver of that railroad. *A fortiori* punitive damages applicable against co-tenants of a property would be applicable against a receiver in charge of such property.

The foregoing authorities are where the creditors have thrown the property into the hands of a receiver irrespective of the owners of the property; but in this case we find two wealthy ladies, mother and daughter, co-tenants of vast and valuable interests; they cannot agree as to the management of these properties, and, on application of the daughter, Mrs. Grace Jones Stewart, against the other co-tenant, her mother, the court is asked to and did appoint the receiver in this case as their common agent.

Now, since the authorities hold that a receiver is liable in punitive damages, in cases where creditors have thrown the property in the hands of a receiver without the consent of the owner, the reasons are a thousand times stronger that, where an owner asks for the appointment of a receiver of property, not on ac-

count of the interests of creditors, but solely because
the co-owners of the property cannot agree on its man-
agement, the receiver should be held liable in punitive
damages where the owners would have been held liable
for such damages.

Counsel for appellant are evidently unable to cite
any opposing authorities, as they have not done so.
They cite the Lizana case, where bondsmen were held
not liable in punitive damages on account of the acts of
their principal—no similarity at all in that case and the
instant case; and we apprehend that no case can be
found which places a receiver in the same legal category
as a surety on an official bond. The very words of the
official bond negative punitive damages because a surety
only agrees to pay whatever actual damages any one
suffers by default of his principal.

Furthermore, every act of the Lawrences concerned
in this case was ratified by the receiver. The Lawrences
were running the Great Southern Hotel for Mrs. Grace
Jones Stewart and her mother, as managers, before the
appointment of the receiver and after the receiver was
appointed they were still kept in charge as managers
and after their acts in this case occurred, the receiver
ratified same.

SYKES, J., delivered the opinion of the court.

For an understanding of this opinion it is unnecessary
to detail the testimony in the case. Suit was instituted
in the circuit court against Hanun Gardner, receiver of
the Great Southern Hotel property. The declaration
contained two counts. The first count was based on
slander, and the second count on false imprisonment.
Among other instructions given at the request of the
plaintiff was one authorizing the jury that they might
find punitive damages if they believed from the testi-
mony that the conduct of the receiver's employees was

willful, wanton, oppressive, and malicious. A verdict
was rendered in plaintiff's favor for fifteen thousand.
dollars. This verdict consists very largely of punitive
damages. It is the contention of the receiver that a puni-
tive instruction was improper in this case; that the recei-
ver is not liable for punitive damages. We disagree with
this contention of the appellant, however. The receiver
in this case stands in the shoes of the owner of the
property, and is liable for whatever damages the owner
would be. Punitory damages are not recovered as a
matter of right in any case, but it is in the discretion
of the jury to award them in proper cases. As is stated
in Anderson on Receivers, p. 405:

"For any torts committed by his servants while
operating the property, under his management, he (the
receiver) is responsible under the principle of *respondeat
superior.*"

"And in speaking of receivers of railroads, we find in
section 395 of High on Receivers (4th Ed.): "The
receivers may be held answerable in their official capac-
ity for injuries sustained, in the same manner that the
corporation would be liable."

To the same effect is 23 R. C. L., under the title of
Receivers, section 90, p. 83, where the rule is laid down
as follows:

"A receiver in charge of the property of a corpora-
tion and of the management of its business is bound to
the same degree of care as the corporation would be
under the control of its board of directors, and is
liable in his official character for his negligence and
the negligence of its agents and employees, whereby
injury results to the person or property of persons
other than those directly interested in the estate."

Our attention has not been called to the decision of
any court of last resort, where punitory damages may
be recovered, holding that these damages are not re-
coverable against a receiver. If such were the rule, it

would be better for all common carriers and persons or corporations engaged in hazardous businesses to place the operation of these concerns in the hands of a receiver. The court was correct in giving the punitive damages instruction. The verdict of the jury in this case was for fifteen thousand dollars. After a careful consideration, we are of the opinion that this verdict is grossly excessive. If the plaintiff will remit ten thousand dollars of this amount, we will allow a verdict for five thousand dollars to stand; otherwise the case will be reversed and remanded.

*Affirmed, with remittitur.*