[Civ. No. 3788. First Appellate District, Division One.—June 17, 1921.]

## MINERVA A. BENUSSI, as Executrix, etc., Respondent, v. JESSE D. HANNAH, Appellant.

[1] NEGLIGENCE—DEATH THROUGH OPERATION OF ELEVATOR—POSSESSION AND CONTROL OF PREMISES—EVIDENCE.—In this action for damages for the death of plaintiff's intestate, who was crushed to death by an automatic elevator in the apartment house in which he was a tenant, from the facts admitted and proven the jury were entitled to draw the inference that the actual possession and actual control of said apartment house had been taken over by the defendant on or about the date when he became the purchaser thereof at the foreclosure sale to satisfy the mortgage theretofore held by him, and that he was actually thereafter and up to. and including the date of said casualty in the full possession and control of said apartment house, notwithstanding the year of redemption had not expired and the receiver who was appointed to take possession and control of the property *pendente lite* was not discharged until some time after the accident occurred.

[2] ID.—LEGAL RIGHT TO POSSESSION IMMATERIAL.—In such an action, the question is not who was legally entitled to the possession and control of the premises in question, but who was actually in the possession and control of the same so as to be held responsible for negligence in the maintenance, operation, and inspection of the elevator therein, the defective manipulation of which caused the fatality to the decedent.

[3] ID.—ACTUAL CONTROL AND POSSESSION OF ELEVATOR—ADMISSIONS AGAINST INTEREST.—The act of the defendant in such action in taking out a policy of insurance indemnifying him against the claims of persons injured or killed in the operation of the elevator, his statements as to the ownership of the property made in the course of procuring such insurance, and his acts immediately after the accident in causing the elevator to be repaired, constituted acts and statements against interest which were admissible in evidence for the purpose of proving that he was in actual possession and control of the appliance which caused the casualty on which the action was based.

[4] ID.—ACTION FOR DAMAGES—ISSUES—FAILURE TO LIMIT EVIDENCE —LACK OF PREJUDICE.—Practically the whole case having turned upon the question of the defendant's possession of the premises at the time the accident occurred, the failure of the court to limit such evidence as to the insurance policy and as to the sub-

sequent repairs upon the elevator to the issue of the defendant's possession of the premises at the time the accident occurred upon his request made at the time of the introduction of such evidence was not sufficiently prejudicial to justify a reversal of the case.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Aitken & Aitken, Aitken, Glensor, Clewe & Van Dine and E. F. Conlin for Appellant.

Sullivan & Sullivan and Theo. J. Roche for Respondent.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiff, as executrix of the last will and testament of Louis Benussi, deceased, who was killed in an elevator accident in an apartment house in the city and county of San Francisco. The action was brought by her against the defendant Hannah, who was alleged to be the owner and in the possession and control of said apartment house at the time of the accident which resulted in her husband's death.

The elevator in question was an automatic electric elevator for the use and convenience of the tenants of the apartment house, installed at the time of the erection of the building some years before, and in operation at the time of the casualty in which the decedent lost his life. Mr. and Mrs. Benussi were tenants of the building, having their apartment on the third floor. On the evening of May 25, 1915, they left their apartment and proceeded toward the elevator, Mrs. Benussi reaching it first and touching the button which would start and bring to a stop the elevator at that floor. It arrived and stopped, when Mrs. Benussi opened the door and entered the elevator. Her husband followed, and was in the act of entering the open door when the elevator started downward, and Mr. Benussi was caught and crushed to death between the top of the door and the third floor, being partly in and partly out of the descending elevator.

The plaintiff, in the complaint, alleges that the accident occurred through the carelessness and negligence of the defendant in failing to have said elevator properly maintained and inspected. The answer of the defendant consists in denials based upon the alleged 'fact that the defendant was not the owner or in possession or control of said building at the time of said accident. The case came on for trial before a jury, which, upon its submission, rendered a verdict in favor of the plaintiff for the sum of ten thousand eight hundred dollars, for which sum judgment was accordingly entered, from which judgment, after the denial of a motion for a new trial, this appeal has been taken.

The first contention on the part of the appellant is that the overwhelming weight of the evidence in the case shows that the defendant was not in the possession or control of the building in question or of the elevator therein at the time of the occurrence of the accident which caused the death of the deceased, but that a certain Miss A. S. Morrison, as receiver appointed by the superior court of the city and county of San Francisco in a certain foreclosure suit then pending, was the person solely in possession and control of said building and of said elevator at the time of the accident. Much evidence was introduced at the trial upon this issue of which the following is, we think, a fair summary:

[1] The defendant herein, prior to January, 1914, held a mortgage on the real estate on which the apartment house known as the "De La Sierra Apartments" had been erected, and in the said month of January, 1914, commenced an action in the superior court of the city and county of San Francisco for the foreclosure of said mortgage, and in said action and under a power given in said mortgage moved the said court that a receiver be appointed to take possession and control of the property *pendente lite.* The court granted said motion and appointed Miss A. S. Morrison as such receiver. Prior to her said appointment Miss Morrison had been an employee in the office of the defendant, and she continued to be such employee of the said defendant after her appointment as receiver of said property. As such receiver, however, she took possession of the same, and opened an account with the Crocker

National Bank in the name of "A. S. Morrison, Receiver," in which were deposited the receipts of said receivership. The foreclosure sale of the premises occurred on December 10, 1914, and the defendant became the purchaser of the property at such sale for the full amount of his judgment obtained in said foreclosure suit. A short while prior to said sale said receiver filed with said court her report and account as such receiver up to December 1, 1914, asking for her discharge as such receiver, and also filed a supplemental account up to December 10, 1914, the date of said sale. No other or further account of said receiver was ever filed, although her said account was not settled and she was not discharged until some time after the accident in question occurred. A few days, however, after said sale the defendant herein went with Miss Morrison to the Crocker National Bank, where a new account was opened in the name of "De La Sierra Apartments, J. D. Hannah," the defendant at that time and place signing the usual signature card stating that he was the sole owner of the De La Sierra Apartments. He also at said time signed and left with said bank another card authorizing Miss Morrison as his agent to draw checks upon said account. In this account were deposited thereafter all of the receipts of the De La Sierra Apartments from and after the date of December 10, 1914, and no portion of said receipts were thereafter deposited in the said former account of said receiver, nor were any of the costs and expenses of the operation of said apartments charged thereafter to said former account but the same were charged to and paid out of the account of "De La Sierra Apartments, J. D. Hannah." From that time forward the defendant assumed to exercise certain acts of apparent ownership and control over said apartment house. He discharged Mrs. Pels, who had been the resident manageress of the apartments during the time of Miss Morrison's receivership, and in so doing stated to her, according to her testimony, "You understand I have taken over the apartment house." He also and in the month of April, 1915, took out a policy of insurance indemnifying him against the claims of persons injured or killed in the operation of said elevator, in which policy he was described as the owner of the De La Sierra Apartments. On the day following the accident the defend-

ant visited Mrs. Benussi, introducing himself as the "land-lord" and offering the use of his automobile in making the funeral arrangements. Within a few days after the accident the defendant procured from the Elevator Repairs Company bids for the repair of said elevator, which bids he personally passed upon, and the cost of the repairs when made were charged to and paid out of the account of "De La Sierra Apartments, J. D. Hannah." It is true that the defendant, when he was called as a witness, denied that he had ever been prior to said accident in the possession and control of said premises; and it is also true that Miss Morrison also so testified, and that she resided at said apartments and managed the same during the period after her appointment as receiver and up to December 10, 1914, and that after that date she continued to reside there and attend to the details of the management thereof; but it is also true that during all of said time she was in the employ of the defendant and that she continued in his employ and continued to reside in said apartments and continued to attend to the details of the management thereof after she had been discharged as such receiver.

From the foregoing facts we think the jury were entitled to draw the inference that the actual possession and actual control of said apartments had been taken over by the defendant on or about the date when he became the purchaser thereof at said foreclosure sale, and that he was actually thereafter and up to and including the date of said casualty in the full possession and control of said apartment house.

[2] The appellant urges against the force of this inference the fact that said receiver was legally entitled during all of said time to the possession and control of the premises; and this may be conceded without in any way diminishing the force or application of said inference to the liability of the defendant herein, since the question in this case is not who was legally entitled to the possession and control of the premises in question, but who was actually in possession and control of the same so as to be held responsible for negligence in the maintenance, operation, and inspection of the elevator therein through the defective manipulation of which the fatality to the decedent occurred. Upon this subject the trial court prop-

erly gave the jury the following instruction: "It is not necessary for the jury to determine who was the legal owner or had the right to the possession of the De Le Sierra Apartments on or prior to the twenty-fifth day of May, 1915, but it is necessary for you to determine who was actually in possession and control of said building at and prior to said time." We deem the foregoing instruction to embody a correct statement of the law applicable to the facts of this case.

The cases cited by the appellant do not controvert this doctrine but at the most go only to the extent of holding that a receiver who is legally entitled to and is actually in possession and control of premises as such receiver would be the party to sue on account of injuries occurring during such receiver's legal and actual possession and control of the premises wherein such injuries occurred.

The appellant, however, contends that the trial court committed certain errors in its rulings upon the admission or rejection of evidence during the course of the trial. [3] The first of these alleged errors consisted in the admission in evidence of the insurance policy issued to the defendant upon the elevator in said apartment house. While it is doubtless true that such evidence is ordinarily inadmissible under the authorities and in the cases referred to by the appellant, this rule has no application to cases where the question in issue is that of the defendant's possession and control of the appliance which caused the casualty on which the action is predicated. In such cases the act of the defendant in insuring himself against liability, and his statements made in the course of procuring such insurance, constitute acts and statements against interest to the admission of which there can be no valid objection.

The same principle has application to the acts of the defendant immediately after the accident in causing repairs to be made to the elevator, to evidence of which the defendant also objected, the purpose of the introduction of such evidence being that of showing the defendant's possession and control of the premises in which the appliance which caused the casualty was installed. [4] The appellant complains that the effect of this evidence as to the insurance policy and as to the subsequent repairs upon the elevator was not limited to the sole issue of the defend-

ant's possession of the premises at the time the accident occurred upon his request made at the time of the introduction of such evidence. While the trial court might properly have yielded to the defendant's suggestion as to the limitation of these species of evidence to the single issue of the defendant's possession of the premises at the time the accident occurred, we do not think that its failure so to do was sufficiently prejudicial to justify a reversal of this case. Practically the whole case turned upon the question of the defendant's possession of the premises at the time of the decedent's injuries. The defendant offered no suggestion as to any subject upon which said evidence would be inadmissible; and it is safe to say that the jury had only in mind the single question as to which this evidence might be properly applied in the absence of any specific request for a final instruction by the trial court in its charge to the jury. We do not think that this constitutes reversible error in this case.

The appellant also contends that the court committed certain errors in its charge to the jury. We have examined the entire body of the court's instructions, and having done so we do not deem it necessary to discuss in detail the numerous criticisms offered by the appellant to specific parts of the charge since upon the whole we deem it a fair and full statement of the law of the case.

Judgment affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 15, 1921.

All the Justices concurred, except Angellotti, C. J., and Wilbur, J., who were absent.