**Myrtle Kellems, Appellant, v. Charles J. Schiele, Appellee.**

 Heard in this court at the May term, 1938. Opinion filed November 7, 1938.

BEASLEY & ZULLEY, of East St. Louis, for appellant.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This appeal is prosecuted to reverse a judgment in favor of appellee and against appellant notwithstanding the verdict in her favor in the sum of $1,500. It is a personal injury suit, the issue being on an amended complaint and the answer thereto. The complaint in substance charges that plaintiff on May 17, 1936, while in the exercise of due care was walking upon the public sidewalk in front of a brick building at 606 Missouri avenue in East St. Louis; that she sustained personal injuries by falling into a hole which rendered said sidewalk unsafe and dangerous to pedestrians; that defendant was duly appointed receiver by the circuit court of St. Clair county at the September term, 1933, and by virtue thereof had the care, possession, management and control of the premises consisting of the building known as 606 Missouri avenue in East St. Louis; that his duties as such receiver were the collection of the rents, issues and profits arising from the income of said properties, and included the maintenance and keeping of them in repair; that said defendant as such receiver then and there carelessly kept and maintained and permitted to remain a large square

hole in a public sidewalk, adjoining said premises, loosely covered with a thin sheet of iron, thereby making it unsafe and dangerous for pedestrians, including plaintiff, who walked thereon. Said hole was about 9 feet deep. It was a dangerous condition and remained so continuously for more than a year prior to May 17, 1936; that said hole was constructed for the purpose of providing ingress into the basement of said building and premises; that due to the negligence of defendant and as a proximate result thereof, plaintiff fell into said hole on the date aforesaid and was seriously injured.

The answer admits the position of appellee as receiver, but denies all other material allegations of the complaint. The answer also alleges that the hole in which plaintiff was injured was not used for any purpose by defendant; that no specific acts of negligence, nor any facts are set forth in the complaint from which it can be determined whether defendant was guilty of negligence; that no facts are set forth showing any duty on the part of defendant to keep the public sidewalk in good condition and repair.

It appears from the evidence that on May 17, 1936, in the nighttime plaintiff Myrtle Kellems, while walking along Missouri avenue at the point where the hole was described to be, fell into said hole and was seriously injured. The size of this manhole or coal chute was about 25 by 32 or 36 inches, in a square opening; that it was close to the front wall of the brick building fronting on the sidewalk,—from 5 to 8 inches from the wall. The building in question was known as 606 Missiouri avenue and consisted of a storeroom on the main floor, a basement under the storeroom, and below the level of the sidewalk; also rooms on the second floor. Defendant was receiver of the property as alleged in the complaint. As such receiver he took possession of the building in September, 1933 and held

possession from then on continuously and was in possession of this building for two and a half years prior to plaintiff's injuries. His duties were collecting rents and doing everything that was necessary in carrying on his receivership, and he was attending to the repairs. He made an inspection of the premises when he took charge as receiver, and there noted this manhole or coal chute; he saw the cover there on the sidewalk but did not look to see what was under it.

The cover on this manhole or coal chute consisted of a sheet of iron about a quarter of an inch thick. The sheet of iron was larger than the hole, overlapping it about two inches all around. There was nothing on the bottom of this sheet of iron to hold it in place; it was smooth on both sides. There was nothing to prevent it from sliding back and forth on the surface of the walk, leaving the manhole partly uncovered. The evidence shows there were times when the sheet of iron did not cover the entire hole.

At the time of her injuries plaintiff, together with her husband and two neighbors, were returning from a Salvation Army Church. They were walking over this sidewalk all abreast, plaintiff nearest to the building. She saw this sheet of iron apparently lying flat on the sidewalk, but did not know there was a hole under it. When she stepped on the edge she fell into the hole, which was about 9 feet deep, and was rendered unconscious; the sheet iron had tipped up; her body was suspended in the manhole; only her shoulders could be seen; her chin was caught on the slanting corner of this sheet of iron. With the assistance of her husband and another man plaintiff was removed from the hole and taken to a hospital. She was seriously injured. The amount of the verdict is not questioned here, and, therefore, it is unnecessary to set out the nature and character of her injuries.

The next morning a member of the comptroller's force of the city called defendant and called his atten-

tion to the hole in question, and the damage of the
night before, and told him that either the city or the
defendant ought to close up the hole. Accordingly de-
fendant made the repairs, so that now the sidewalk is
continuous; there is no hole there. The cost of this
work was charged up to defendant's account as re-
ceiver. The purpose of this hole was to provide ingress
to the space under the building; there are openings in
this wall underneath the building, so that a person can
go from the basement under the sidewalk and back
again if he wants to, and carry things.

The evidence fairly tends to prove the allegations of
the complaint as to plaintiff's injuries and her exercise
of due care. The hole in question was a dangerous
condition. It was highly probable that someone would
be injured there. The condition was well known to
appellee. That the plaintiff was in the exercise of rea-
sonable care for her own safety was obvious.

Appellee's main contention is that he is not respon-
sible for the condition and is guilty of no act of negli-
gence. If appellee, by virtue of his possession of the
premises, was charged with the responsibility of this
place of injury to plaintiff, then he was guilty of negli-
gence in allowing this place of danger to exist there for
a long period of time without proof of any other act.
That appellee owed to the public the duty of keeping
this place reasonably safe for the public use, seems to
us to appear. This hole connected the sidewalk with
the basement to appellee's premises. It did not come
there by chance. Obviously it was put there by some-
one for a definite purpose. It was much like the iron
grating covers of holes which we are accustomed to see
in front of buildings. These holes furnish light to
basements, and are often used for purposes of storage
in basements. There was storage of lumber in this
basement. The lumber could be seen when the iron
covering of the hole was pushed to one side.

The evidence does not show whether the opening was made by the city or by someone with the consent of the city. In either case the city would be jointly liable with the owner or person in possession of the building, if the hole was for the use and benefit of the building, and not solely liable. *Loyd v. City of East St. Louis*, 235 Ill. App. 353; *Geary v. City of Chicago*, 161 Ill. App. 461.

If this hole in question was not put where it was with the consent of the city, then the person who put it there was a trespasser who created a nuisance in connection with the building. This was not an ordinary hole in the sidewalk. It was a connection between the sidewalk and the building, to the basement of which it entered. The owner of this building who made this connection, or suffered it, is charged with the duty of keeping it in a reasonably safe condition, so as not to injure any person in the exercise of reasonable care for his own safety. That responsibility passed to said owner's grantees, assignees or tenants who were in exclusive possession. *West Chicago Masonic Ass'n v. Cohn*, 192 Ill. 210; *Trustees v. Foster*, 156 N. Y. 354. Appellee was in one of these classes.

It appears from the evidence that appellee knew and felt that he was responsible for the safety of his building and its connections, especially this connection of his basement with the outside sidewalk by means of this hole. He virtually admitted the same when he testified that the next morning after the injury he made necessary repairs, so as to make a place of safety of the hole which he had suffered to remain dangerous. While our courts have held that proof of improvements subsequent to an injury may not be made for the purpose of proof of negligence, they have also held that such proof is admissible for the purpose of proving ownership of an instrumentality which causes injury. *City of Taylorville v. Stafford*, 196 Ill. 288. This was a case for the jury. It would have been error

for the trial court to have directed a verdict. It was error for the trial court to render judgment notwithstanding the verdict.

The court at the request of plaintiff gave to the jury the following instruction:

"The Court instructs the jury that if you believe from the preponderance of the evidence that the hole in the sidewalk referred to in the evidence has been made or used for the purpose of the access to the building or into the basement, and that the same was there at the time when the defendant, Charles J. Schiele, was appointed receiver on the 15th day of September, A. D. 1933, then it was the duty of the defendant as such receiver to keep and maintain the said hole or opening in a reasonably safe condition for the pedestrians to walk thereon." This instruction should not have been given. It places responsibility on appellee at the moment of his appointment as receiver, without regard to his possession of the premises and without regard to whether he leased a part of or all of said premises under conditions which would have rendered the tenants of particular premises liable for their unsafe condition. The instruction is broader than the law.

Appellee complains of the refusal by the court to give to the jury the following instructions:

"You are instructed that the defendant, Charles J. Schiele, Receiver, is not responsible for any dangerous condition of the sidewalk abutting the property of which he is receiver, unless he caused such condition, and if you find from the evidence in this case that he did not cause the condition of the sidewalk as alleged by the plaintiff in her complaint, then you should return a verdict of not guilty as to said defendant."

"The jury is instructed that a public sidewalk in a city is under the control of the city authorities, and the duty of keeping such public sidewalk in repair and in a safe condition is imposed upon such city, and not

upon the owner of abutting property." The first of these instructions assumes that this hole in question was a defect in a sidewalk which the city alone had the duty of keeping in a safe condition. It ignores the fact that this was a connection between the sidewalk and the basement of the building. It also assumes that appellee could not be held responsible unless he actually constructed the hole in question.

The second refused instruction is subject to the same criticism as the first.

For the errors enumerated the judgment of the trial court is reversed, and the cause remanded to said court for another trial.

*Reversed and remanded.*