[Civ. No. 15538. Second Dist., Div. Three. Sept. 23, 1946.]

IDA CHIESUR, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gavin Morse Craig for Petitioner.

Harold W. Kennedy, County Counsel, and Douglas De Coster, Deputy County Counsel, for Respondent.

SHINN, J.—By this proceeding in mandamus, petitioner seeks a writ requiring the Superior Court of Los Angeles County to grant her leave to institute an action against R. E. Allen, as receiver, for the recovery of damages resulting from personal injuries claimed to have been suffered by petitioner by reason of the negligence of the receiver in the maintenance and management of an apartment house which at the time of the injury was, and still is, under the receivership. It is alleged that the petitioner presented to the superior court an application for permission to sue the receiver, accompanied by a proposed complaint naming as defendants R. E. Allen individually and also in his capacity as receiver, a copy of which is attached to her petition herein. In the complaint and in her petition plaintiff alleges that on November 22, 1944, R. E. Allen was duly appointed receiver of the apartment house in an action for partition; that he was authorized to take full charge and complete possession and control of the property, including the furniture, equipment, machinery and fixtures used in the management, operation and maintenance thereof, and to manage, control, operate and maintain the same; that he took possession and has since continued to re-

main in possession and to manage and control the said property as such receiver; that he was in possession long prior to the 24th day of March, 1946, and for a long time prior thereto had maintained clothes lines on the roof for the use of the tenants and had negligently and carelessly permitted a door opening onto the roof to become and remain out of repair and in a defective condition, and that he had both actual and constructive notice of the condition of said door; that on the 24th day of March, 1946, and prior thereto, plaintiff was a tenant of one of the apartments; that on said day, while proceeding to the roof to use said clothes line, she attempted to open said door, whereupon the door, as a direct result of the negligence of defendant, fell off its hinges and caused plaintiff to be thrown down, as a result of which she sustained injuries, to her damage in the sum of more than $10,000. The petition alleges that upon notice to said R. E. Allen she applied for leave to sue the said Allen as receiver and that upon the hearing of her application it was by the court denied. The matter was argued and submitted upon respondent's demurrer to the petition.

We are of the opinion that the application should have been granted. The denial of the motion was, in effect, a ruling that petitioner's cause of action was against Mr. Allen individually and not as receiver. The law is to the contrary. The proposed complaint stated a cause of action for negligence against the receiver. No facts were alleged which would have rendered Mr. Allen liable to petitioner as an individual. He was accused of a breach of duty in his capacity of receiver. It was alleged that he had been in possession and control of the property for some 16 months prior to the date of petitioner's injuries and it was his duty to exercise control and management of those portions of the premises which were for the common use of the tenants. He was in possession not as an individual but in his capacity of receiver, and whatever duties he owed to the tenants by reason of his relation to the property, he owed in that capacity. If he had made the repairs which it is alleged he should have made, he would have done so as receiver, and any negligent omission to make repairs would not have been a breach of any duty he owed the tenants as an individual, since he had no such duty.

Mr. Allen, as receiver, held the property as the representative of, and under the control of the court, but for the benefit of the owners, their creditors and others in whose

favor claims might exist or arise against the estate in receivership. ■ The possession of the receiver, with respect to any duties owed to the tenants of the apartment house, must be deemed to have been possession of the owners. Responsibility for the failure to make repairs rests upon the one who is in possession and in a position to make repairs. (*Benussi* v. *Hannah*, 53 Cal.App. 243 [199 P. 1063].) Upon the facts alleged, the question whether Mr. Allen was negligent in failing to make repairs is for the determination of the court in which plaintiff's case will be tried.

■ Although we have found no California case which has applied the rule, it is well settled in other jurisdictions that a receiver is liable to those who are not interested in the estate, in his official capacity only, for negligence in the performance of his authorized duties, and that the recovery is a charge upon the estate in receivership. The leading case on the subject is *McNulta* v. *Lochridge*, 141 U.S. 327 [12 S.Ct. 11, 35 L.Ed. 796], in which a recovery for wrongful death was upheld. It was said: "Actions against the receiver are in law actions against the receivership, or the funds in the hands of the receiver, and his contracts, misfeasances, negligences and liabilities are official and not personal, and judgments against him as receiver are payable only from the funds in his hands." Mr. Clark in his work on Receivers, second edition, section 392, subdivision (f), quotes from the opinion and states: "Bold as this decision is, it is the well-established law of America." (See, also, High on Receivers (4th ed.) § 255, p. 304; 1 Tardy Smith on Receivers, p. 245; Thompson on Corporations (3d ed., 1931 Supp.) § 6362, p. 1091; Fletcher, Cyclopedia Corporations (perm. ed.), vol. 16, § 7864, ch. 64, pp. 423, 426; 45 Am.Jur. § 349, p. 279; 23 R.C.L. 83.) Many of the reported cases arose out of the operation of railroads, but the reasons for the rule of liability apply equally to any other type of business or property operated under the authority and direction of the court. (See *Gardner* v. *Martin*, 123 Miss. 218 [85 So. 182, 10 A.L.R. 1054 and note]; *Kellems* v. *Schiele*, 297 Ill.App. 388 [17 N.E.2d 604]; *Knickerbocker* v. *Benes*, 195 Ill. 434 [63 N.E. 174]; *Bartlett* v. *Cicero Light, Heat & Power Co.*, 177 Ill. 68 [52 N.E. 339, 69 Am.St.Rep. 206, 42 L.R.A. 715]; *Betts* v. *Bisher*, 130 C.C.A. 161 [213 F. 581]; *Morgan* v. *Steingut*, 157 Misc. 215 [282 N.Y.S. 378]; *Klein* v. *New York Title & Mtg. Co.*, 155 Misc. 513 [279 N.Y.S. 931]; *Reinhardt* v. *Lehman*, 288 N.Y.S. 770;

*Robinson* v. *New York & S. I. Elec. Co.,* 99 App.Div. 509 [91 N.Y.S. 153]; *Leal* v. *Westchester Trust Co.,* 279 N.Y. 25 [17 N.E.2d 673].)

The learned trial judge was of the opinion that the rules which we have stated were repudiated in *Havemeyer* v. *Superior Court,* 84 Cal. 327 [24 P. 121, 18 Am.St.Rep. 192, 10 L.R.A. 627], and, in a memorandum opinion, expressed the view that, "When a receiver does a negligent act in the course of management of the receivership property, he steps out of character as receiver and beyond the order of court and in doing so is acting persònally" and "that any judgment for damages for negligent acts of the receiver may not in good conscience be paid or satisfied out of receivership estate or funds." We find nothing in the Havemeyer case, nor in any other case, which intimates that a receiver is personally liable, to strangers, for torts committed in the performance of his receivership duties. There is ample support for the statement in 22 California Jurisprudence 515, "A receiver is not liable in his individual capacity as a tort-feasor for any act within the scope of his duties as receiver and done under an express order of court which is not in excess of jurisdiction, the liability incurred being chargeable upon the property." It is so held in *Tapscott* v. *Lyon,* 103 Cal. 297 [37 P. 225], where a receiver was sued in trespass for wrongfully taking possession of property, the court, in holding that it was error to exclude evidence as to the authority which he had been given by the order of appointment, stating (p. 311): "It was important and proper for defendant to show that he was directed to pursue these very goods, as showing that in taking them he was acting under the direction of the court. . . . Though plaintiff's title be admitted, still the defendant cannot be held in this proceeding as a tort feasor for any act within the scope of his duties as receiver, and done under the express order of the court." The cases which we have cited and others found in annotation in 7 A.L.R. 414 either hold expressly, or they recognize, that if a receiver is liable in his official capacity he is not liable as an individual.

Petitioner proceeded properly in applying for permission to sue the receiver. (*Casey* v. *Doherty,* 116 Cal.App. 42 [2 P.2d 495]; *De Forrest* v. *Coffey,* 154 Cal. 444 [98 P. 27].) Her motion should have been granted. She has a right to have her case tried before a jury to prove, if she can, that she was injured through the negligence of Mr. Allen as

receiver, and to have any judgment which she may recover against him as receiver recognized as a charge against the receivership estate.

A writ of mandate will issue directing respondent court to grant the application for leave to sue.

Desmond, P. J., and Wood, J., concurred.