[Civ. No. 17108.   First Dist., Div. Two.   Apr. 1, 1957.]

SEALITE, INC. (a Corporation), Appellant, v. GEORGE FINSTER, Respondent.

Gordon K. Williams for Appellant.

Alden Ames for Respondent.

THE COURT.—This is an action for the recovery of certain equipment and materials allegedly taken without right by defendant and damages for the illegal taking. Judgment was for defendant. Plaintiff appeals from said judgment and from an order denying its motion for a new trial. Said order being nonappealable, the appeal from it will be dismissed.

Defendant and respondent George Finster was duly appointed by the Alameda Superior Court a receiver in the matter of Gardner, cross-plaintiff, vs. E. K. Ferguson; E. K. Ferguson, Jr., Gordon A. Ferguson and Reed C. Ferguson, copartners doing business as Ferguson Bros., a copartnership, cross-defendants, and a writ of possession issued from that court directing the sheriffs to render him assistance in reducing to possession all property belonging to the above cross-defendants including a large number of specifically listed items. The Fergusons were contractors. E. K. Ferguson, deceased, was the father of the other three cross-defendants. The four Fergusons and after the father's death the three sons had been in the contracting business together under different names among which E. K. Ferguson and Sons, and Ferguson Bros. Respondent tried with the help of detectives to find the large quantities of equipment belonging to the judgment debtors in different counties. Having been informed that Reed C. Ferguson was working with equipment at Milpitas in Santa Clara County, respondent went there accompanied by an officer of the sheriff of said county. He

found Reed C. Ferguson with equipment, among which a tractor and trailer. Respondent told him: "We have come to take your equipment" and asked him to drive the tractor and trailer up the road. Reed answered: "Well, if you are going to take it, you drive it up." He did not protest or contend that any of the equipment belonged to others. The truck was registered in the name of Ferguson Bros. as registered owner and the tractor to E. K. Ferguson and Sons Company as registered owner and both were listed specifically in the writ of possession. There was bolted on the trailer, so as to form one unit with it, a large tank, which, invisible from the ground, proved to be partly filled with a milky fluid. There was another smaller tank on the ground. To the two tanks three pumps were firmly attached by pipe fittings. One of these pumps was mentioned in a chattel mortgage granted by Ferguson Bros. in 1953 and specifically mentioned in the writ of possession. Respondent found out later from the seller of the other two pumps that they also had been billed to Ferguson Bros. Also a pickup truck registered in the name of Ferguson Bros. and some hose were taken then and there. When respondent saw Reed Ferguson in Milpitas and wished to ask him about the fluid in the tank, Reed evaded him.

At the time of the taking Reed Ferguson was president, acting as general manager of Sealite Incorporated, the plaintiff, herein further called Sealite. Its business was the manufacture of special yarns and plugs for sewer construction and the sealing of sewer lines which do not meet specifications. The job Reed was working on was the sealing of leaky sewer lines which Sealite had contracted to perform. The fluid in the tank and, probably unknown to defendant, also partly in the sewer lines being treated, was a Slurry Solution used to seal the sewers which solidifies within two or three days. Sealite first filed a petition to intervene in the action of *Gardner* v. *Ferguson*, in which defendant was appointed as receiver, to have him ordered to restore the equipment and materials taken, which petition was denied, but thereafter Sealite was granted permission to file a separate action against George Finster as Receiver on July 30, 1954.

The complaint in this action, filed September 2, 1954, mentions in its caption George Finster as defendant, without stating his capacity of receiver. It states in the complaint itself that George Finster is the duly appointed receiver in the matter of *Gardner* v. *Ferguson, supra,* but otherwise de-

scribes his acts as acts of defendant without stating that he acted in the capacity of receiver. The granting of the permission to sue the receiver is not alleged. The facts alleged are in substance that plaintiff on July 8, 1954, was the owner of certain enumerated chattels among which the two tanks and 2,550 gallons of sealing solution in them and nearly 10,000 gallons of sealing solution not in the tanks, that defendant wrongfully took possession of them without consent, their alleged value and alleged damage suffered by the necessity of renting other equipment and of doing of extra work because of the taking of the equipment. No right to the tractor and trailer and pickup truck was claimed. Defendant denied the allegations of the complaint except that in his capacity as receiver in accordance with instruction of the court he seized part of the property mentioned in the complaint which was in the possession of Reed C. Ferguson, which was the possession of Ferguson Bros. whose property it was. As separate defenses it was alleged that Sealite was an *alter ego* of Ferguson Bros. and that defendant had offered to surrender possession of any property seized in which Ferguson Bros. had no interest.

In his opening statement counsel for defendant pointed out that on the face of the complaint George Finster was sued as an individual, and that under the case of *Chiesur* v. *Superior Court,* 76 Cal.App.2d 198 [172 P.2d 763], there is no personal liability of the receiver for his acts in his official capacity. Therefore, there would only be reason to proceed if the complaint was considered as directed against Mr. Finster in his official capacity, amendments to the complaint, which should be supplied in writing, taken for granted. Counsel for plaintiff, although leaving the decision as to personal liability of Mr. Finster to the court, had also given as his personal opinion that there was no such liability. The trial then proceeded as to all the issues made by the pleadings.

The court found in substance that whatever action defendant took in this matter was done as receiver in obedience to the directions of the court; that plaintiff is a corporation duly formed and existing and doing business under the laws of the State of California; that it is not true that plaintiff was the owner of the personal property claimed by it; that certain of said personal property was in the possession of Reed C. Ferguson, a member of the copartnership known as Ferguson Bros. and that said possession in truth and in fact was the possession of said Ferguson Bros.; that George Finster in his

capacity as receiver took possession of such personal property but that he did not do so wrongfully; that said property taken is the property of Ferguson Bros.; that plaintiff is the *alter ego* of Ferguson Bros. and that defendant had declared his willingness to surrender any property seized by him in which Ferguson Bros. had no interest. The conclusions of law were that defendant ''George Finster both as an individual and in his official capacity as Receiver'' is entitled to judgment and defendant to his costs of suit. The judgment is ''that plaintiff take nothing by its complaint and the defendant, George Finster, have judgment . . . for his costs of suit.''

Appellant's contentions on appeal are that it was error to deny its petition to intervene in the case of *Gardner* v. *Ferguson*; that it was unjust to attach significance to the fact that defendant in the caption of the complaint and in the prayer was not identified as receiver; that the finding that plaintiff was the *alter ego* of Ferguson Bros. was contrary to the evidence which did not show facts which permit the disregarding of the corporate entity; that it was error to find that the seizure was in accordance with the instructions of the court when the property seized was in the possession of a third person; that the offer to return property in which Ferguson Bros. had no interest was of no effect because it incorrectly put on appellant the burden of proving title although it was in possession at the time of the seizure.

Respondent takes the position primarily that the fact alone that the action was against George Finster as an individual who is not personally liable for acts done in his capacity as receiver is decisive of the case; further, that the fact that the property seized was found to belong to the judgment debtors was sufficient independent from the correctness of the finding regarding plaintiff's status as *alter ego* of Ferguson Bros. and finally that the latter finding is supported by the evidence.

The denial of the petition in intervention in *Gardner* v. *Ferguson* is wholly outside the field of this appeal. Neither the petition nor the order denying it, which is not made in the same cause, nor any appeal from said order, is contained in the clerk's transcript. Hence, this matter cannot be reviewed by us.

The complaint in this case, designating George Finster as the defendant, sues George Finster individually, not in his capacity as receiver. Neither is it alleged anywhere in the body of the complaint that defendant acted in his capacity

as receiver, only that he was appointed as such. ▆ Where one sues or is sued in a representative capacity, it must be averred that it is as such representative and even a mere statement of the representative character, following the name of the party, will be treated as only *descriptio personae*. (*Ferry* v. *North Pacific Stages,* 112 Cal.App. 348, 352 [296 P. 679]; 67 C.J.S. 1097; cf. *Bank of America* v. *Carr,* 138 Cal. App.2d 727, 736 [292 P.2d 587] as to service on a defendant in a representative capacity.) ▆ The point is important because a receiver is liable to persons not beneficially interested in his receivership, in his official capacity only. (*Chiesur* v. *Superior Court, supra,* 76 Cal.App.2d 198, 201; *McNulta* v. *Lochridge,* 141 U.S. 327 [12 S.Ct. 11, 35 L.Ed. 796].) ▆▆ However, it has been held that the objection of one sued individually that he should have been sued in a representative capacity or also in a representative capacity can be waived (67 C.J.S. 1152) and, further, that if one has been sued in individual capacity whereas his true liability, if any, is in representative capacity, amendment of the complaint to that effect may be permitted. (67 C.J.S. 1080.) In this case the trial undoubtedly took place on the theory that the lawfulness of the action of defendant as receiver was before the court. The court accordingly made a finding that all action of the defendant in this matter was in his capacity as receiver and further findings relating to the legality of his action as such and a conclusion of law that defendant as an individual and in his official capacity was entitled to judgment. ▆ "It is settled law that where the parties and the court proceed throughout the trial upon a theory that a certain issue is presented for adjudication, both parties are thereafter estopped from claiming that no such issue was in controversy even though it was not actually raised by the pleadings" (*Miller* v. *Peters,* 37 Cal.2d 89, 93 [230 P.2d 803]; 3 Cal.Jur.2d 608). ▆ The fact that the complaint was not amended so as to support an action against the defendant in his capacity as a receiver does not under the above circumstances prevent us from reviewing appellant's right as against the receiver as such (*cf. Rench* v. *Watsonville Meat Co.,* 138 Cal.App.2d 482, 487 [292 P.2d 85]).

However, the court expressly found that appellant's crucial allegation that it was the owner of the personal property taken by the receiver was not true and appellant fails expressly to attack said findings as unsupported by the evidence and to sustain the burden incumbent on an appellant

who attacks a finding on that ground. It must be pointed out from the outset that this issue is independent of and logically has priority over the issue whether plaintiff is the *alter ego* of Ferguson Bros. or not. It is found and undisputed that plaintiff is a corporation duly formed and existing and doing business under the laws of the State of California. Such a corporation can own property as alleged, whether or not for the purpose of its relation with Ferguson Bros. its corporate entity may be disregarded and its ownership be considered to be identical with the ownership of Ferguson Bros. If the plaintiff corporation is not the owner of the personal property claimed, it becomes irrelevant whether it is the *alter ego* of Ferguson Bros. or not.

■ "It has been repeatedly held that an appellant who contends that findings of fact are not supported by the evidence, must point out the evidence involved and show wherein it does not support said findings" (*Industrial Indem. Co.* v. *Golden State Co.*, 117 Cal.App.2d 519, 538 [256 P.2d 677]).

■ Appellant wholly failed to point out any evidence proving that it was the owner of the several chattels claimed by it. Appellant takes the position that it is under no duty to do so, contending that a receiver even after having obtained a writ of possession is not entitled to take property from the possession of a third party. Whatever there be of the soundness of said contention, appellant's complaint is expressly based on ownership, not on possession, which is not alleged. ■ But even if the possession of the chattels when seized should be considered, appellant does not point out evidence in the record sufficient to show that at that time they were in its possession. The only showing in this respect in appellant's brief is the contention that its possession must be inferred from the fact that the equipment and material were then being used by Reed C. Ferguson on a job for which he had signed a contract as president-manager of appellant, and on which he was present as such. It does not follow that everything he had in his possession or was using then and there was in the possession of appellant. It could hardly be said that Ferguson's watch was in the possession of appellant even if he was using it in timing the operations on the job. One who is present in a special capacity is necessarily also present individually and can also have possession in his individual capacity. He can be working on a job which he attends in his special capacity also with equipment which he owns and possesses individually. If he has still another capacity he may

also have ownership and possession in said other capacity. The fact that the person in possession is an agent of a corporation is inconclusive as to the corporate or individual character of the possession. However, the fact that Ferguson, although he was president-manager of appellant and the person who best knew in which capacity he possessed the chattels, did not protest when they were seized for his partnership debt and abandoned them to respondent receiver without asserting any right of appellant in them, when appellant had great need of them to continue the job without harmful interruption, tends to show that his possession was not the possession of appellant but that of him individually or of his partnership. The court so found. The findings of the court as to ownership and possession are further supported by the undisputed fact that the locomotive equipment used on the job was registered in names used by the Ferguson partnership and that on one of the pumps there used the partnership had granted a chattel mortgage (the complaint does not mention their taking or base any claim on it) and that the other two pumps were also billed by the seller to the judgment debtor. In view of the above, appellant's sole reliance on the use of the seized chattels by Reed C. Ferguson on appellant's job is wholly insufficient to overcome the findings of the trial court as to ownership and possession. The judgment must be affirmed on that ground. Because of the holding that appellant was not the owner and not in possession of the chattels, the finding that it was the *alter ego* of the judgment debtor is surplusage, the evidentiary support of which need not be reviewed. (*Sands* v. *Eagle Oil & Refining Co.*, 83 Cal.App.2d 312, 321 [188 P.2d 782]; *Shasta Water Co.* v. *Croke*, 128 Cal.App.2d 760, 765 [276 P.2d 88].) It may be noted that where a finding is surplusage, unnecessary and immaterial, such finding is not conclusive in a subsequent action, cannot operate as a collateral estoppel (29 Cal.Jur.2d 208; *Natural Soda Products Co.* v. *City of Los Angeles*, 109 Cal.App.2d 440, 446 [240 P.2d 993]).

Appellant's contention that defendant is at any rate liable for the loss of some 10,000 gallons of Slurry Solution which allegedly was in the sewer lines at the time of the taking of the chattels, and which was not taken by the receiver but coagulated in said sewer lines, is wholly without merit. Respondent could only be responsible for said loss if it was caused by his tort. As we upheld the legality of the taking of the chattels there is no tort and no tort liability

of defendant. We note that it does not appear that respondent knew of the presence of the fluid in the lines or that his cooperation to save it was asked at any time at which the fluid still could be saved.

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.