In the Matter of the Application of SAMUEL SCHWARTZ, as an Officer, Stockholder and Director of BEVROE HOMES, INC., etc., for a Voluntary Dissolution.

Supreme Court, Bronx County, April 22, 1935.

*S. & I. Lipschitz*, for the petitioner.

*Harold M. Phillips*, for the receiver.

McLAUGHLIN, J.   This motion is made for an order permitting Rose Levine, as guardian *ad litem* of Harry Levine, and Rose Levine, individually, to sue Lillian Agress as receiver of Bevroe Homes, Inc., for personal injuries sustained by said infant Harry Levine.

The receiver in this matter is one appointed as a result of an application made by an officer of Bevroe Homes, Inc., to dissolve that corporation.

Counsel for the receiver contends: (1) That no liability attaches to the receiver unless as a result of some affirmative act of negligence; (2) that such affirmative act is not alleged in plaintiff's moving papers, the pertinent allegation being one of passive negligence only; and (3) that there is nothing in the moving papers to show that the receiver had authority from the court to make repairs.

It is true that a receiver of rents and profits is charged with no duty to make repairs and is, therefore, liable only for affirmative acts of negligence.   (*Woman's Hospital* v. *Loubern Realty Corp.*, 266 N. Y. 123.)   But here we have no such receiver.   By an order of this court, filed March 21, 1933, the defendant in this action was appointed receiver in a proceeding looking to the voluntary dissolution of a corporation.   By the terms of that order she is endowed " with all the powers, duties and liabilities of receivers appointed pursuant to statute," and " the directors, attorneys, agents, managers of Bevroe Homes, Inc., and all persons having control or management of its corporate affairs or business   *   *   *   are jointly and severally enjoined " from interfering in any way or manner with the property or effects of the corporation.

In other words, the receiver in this case is a virtual assignee.   She may maintain any action which could be maintained by the corporation itself.   Her liability is such as would attach to the corporation itself.   The corporation being inherently liable in actions against it, based upon either active or passive negligence, it must follow that such liability devolves upon the receiver by virtue of the statutes under which she acts and the order appointing her.   (See *Robinson* v. *New York & Staten Island El. Co.*, 99 App. Div. 509.)

What is stated above disposes of the second point raised by the defendant, namely, that the allegation of affirmative negligence is not sufficiently set forth in the plaintiff's moving papers.

The third point raised by defendant is that there is nothing in the moving papers to show that the receiver had received any authority from the court to make any repairs.   In view of the fact that we have reached the conclusion that the receiver in this matter is a statutory receiver and that she succeeded to all the rights, liabilities and duties of the corporation, it must be held that such

an averment is unnecessary. The authority to make necessary repairs at least must be implied. This is not a receiver of the rents, issues and profits who cannot make repairs, and so deplete the fund in his hands, without an order of the court. (*Matter of Fischer*, 168 App. Div. 326.)

Motion is granted. Settle order.