HAROLD KLEIN, Plaintiff, *v.* NEW YORK TITLE AND MORTGAGE COMPANY, in Rehabilitation, GEORGE S. VAN SCHAICK, Superintendent of Insurance, as Rehabilitator, Defendant.

City Court of New York, Bronx County, May 10, 1935.

*Walter Gordon Rosenbluth,* for the plaintiff.

*E. C. Sherwood* [*O. A. Thompson* of counsel], for the defendant.

ADLERMAN, J. New York Title and Mortgage Company in rehabilitation and George S. Van Schaick, as Superintendent of Insurance of the State of New York, as rehabilitator, are sued for personal injuries arising out of an accident which occurred in premises 1711 Davidson avenue, in the borough of Bronx. The Superintendent of Insurance, as such rehabilitator, was in possession and control of the premises at the time of the happening of the said accident. Plaintiff was a tenant in the premises and claims that he was injured while in the bathroom of the apartment he occupied and that he grasped a defective faucet which broke in his hands, severely injuring him. Plaintiff produced evidence that the defendant had actual notice of such defect and failed to repair the faucet. Defendant contends that the defendant, as rehabilitator, is not liable for any act of passive negligence and that no authority was given him to make repairs and that this case comes within the decision in *Woman's Hospital* v. *Loubern Realty Corp.* (266 N. Y. 123), where it was held that no liability attaches to a receiver in foreclosure unless it is the result of an affirmative act and that such receiver had no authority to make repairs. A receiver of rents and profits in a foreclosure is a common-law receiver. (*Hollenbeck* v. *Donnell,* 94 N. Y. 342; *Decker* v. *Gardner,*

124 id. 334.) A rehabilitator, on the other hand, becomes a statutory receiver. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69, in which the court said: " the property of the corporation is brought into the protective arm of the law and the receiver is subject to directions of the court except in so far as discretionary power is vested by the Legislature in him.") In *Matter of Schwartz* (*Bevroe Homes, Inc.*) (156 Misc. 158) the court held that a receiver appointed in an action to dissolve a corporation was a statutory receiver and that application to sue would be granted in an action involving a claim for personal injuries arising through negligence in failing to repair certain premises over which the receiver exercised ownership and control. A statutory receiver is inherently liable in actions against him based upon either passive or active negligence (See *Robinson* v. *N. Y. & Staten Island El. Co.*, 99 App. Div. 509), and, therefore, the rehabilitator is liable in this case.

Verdict directed for the plaintiff in the sum of $250. Ten days' stay and thirty days to make a case.