GERTRUDE SMITH
*vs.*
WALTER PERRY, BANK COMMISSIONER
(Successor Receiver of Broadway Bank and Trust Co.)

Superior Court        New Haven County        File No. 56646

MEMORANDUM FILED JULY 3, 1939.

*Samuel H. Platcow,* of New Haven, for the Plaintiff.

*Stephen Knight,* of New Haven, for the Defendant.

O'SULLIVAN, J. The defendant in his representative capacity is the owner of a tenement house in West Haven. On January 21, 1939, the plaintiff, one of the tenants, was injured, solely because of a dangerous condition existing in a stairway over which the defendant maintained control. The second defense recites that the defendant, as the bank commissioner of the state, was acting in that capacity on the date in question, and that, in the absence of any statutory authority to sue him, he is immune to this type of litigation because of his status as a governmental agent. To this defense the plaintiff has demurred on six grounds, of which the fifth and sixth may be ignored.

The case of *Hood vs. Mitchell,* 204 N.C. 130, is so similar in its general aspects to the facts and raises the same problems of the instant case that with propriety the opinion may be paraphrased.

This is not an action against the State of Connecticut or against the defendant as an agency of the state. Connecticut, in its capacity as a sovereign, has no interest, direct or remote, in the cause of action alleged in the complaint.

As a part of a program to liquidate a closed banking institution, the building in which the plaintiff was injured is under the control of the defendant, acting as a statutory receiver (Cum Supp. [1935] §1437c). As such, he has all the rights and liabilities of a receiver appointed by a court of competent jurisdiction, not at odds with those enumerated in the statute. *Klein vs. New York Title and Mortgage Co.,* 155 Misc. 513, 279 N.Y.S. 931. Any recovery in this action by the plaintiff will be satisfied by the defendant from the assets in his hands as statutory receiver and not otherwise.

For the foregoing reasons, the second defense is no bar to recovery. The demurrer is sustained on the first four grounds.