**In re Walter C. PHILLIPS and Janice Phillips, Debtors.**

**Richard MARKIE, Plaintiff,**

v.

**Walter C. PHILLIPS and Janice Phillips, Defendants.**

Bankruptcy No. 282–02457–D–7. Adv. No. 282–0978.

United States Bankruptcy Court, E.D. California.

Nov. 10, 1982.

713

James L. Stephens, Jr., Sacramento, Cal., for plaintiff.

Thomas McCampbell, Chico, Cal., for trustee, Stanley E. Silva.

## MEMORANDUM OPINION AND DECISION

LOREN S. DAHL, Bankruptcy Judge.

The plaintiff's motion for turnover of debtor's business inventory is based upon a June 17, 1980 agreement for sale of the plaintiff's then existing ski and sporting goods business to defendants. Part IV of the sales agreement, which is entitled "Payment of Purchase Price," provides: "(b) The balance is to be represented by a note se-

cured with the stock in trade and merchandise inventory as collateral." It is under this provision that the plaintiff claims a security interest in the inventory of debtor for the amounts due from the purchase of the business. Plaintiff also contends that the above security interest was perfected by the taking of possession of the goods by a receiver appointed by a state court on June 25, 1982. Four days later, on June 29, 1982, an Order for Relief was entered in the debtor's Chapter 7 proceeding.

## CREATION OF A SECURITY INTEREST

Section 9203 of the California Commercial Code (herein Commercial Code) provides that a security interest is not enforceable against the debtor or third parties with respect to the collateral and does not attach unless: "(a) The collateral is in the possession of the secured party pursuant to agreement, or the debtor has signed a security agreement which contains a description of the collateral . . . ." Whether or not there is a written security agreement between the parties is the only requirement of Section 9203 that has been put in issue.

The Commercial Code in Section 9105 defines security agreement as "an agreement which creates or provides for a security interest." Security interest is defined as "an interest in personal property or fixtures which secures payment or performance of an obligation." Commercial Code Section 1201(37). For the language of Part IV(b) of the sales agreement to fulfill the requirement of a written security agreement, this court must find that it manifests the intent of the parties to create an interest in the plaintiff to secure the balance of the purchase obligation.

No special form is necessary to create or provide for a security interest [*In re Amex-Protein Development Corp.* (9th Cir.1974) 504 F.2d 1056, 1058.] It is sufficient if the parties use language which leads to the conclusion that it was the intention of the parties that a security interest be created. [*In re Amex-Protein Development Corp., supra,* 504 F.2d at p.

1059, 4 Anderson, Uniform Commercial Code (2d ed. 1971) § 9–203:7, pp. 157–158.]

*Komas v. Future Systems, Inc.,* 71 Cal. App.3d 809, 816, 139 Cal.Rptr. 669 (1977).

The affirmative language of Part IV(b) of the sales agreement indicates to this court that the parties intended that a security interest be created in favor of the plaintiffs in this matter over the inventory of the business. That the security agreement is combined with the sales agreement does not preclude it from having the intended effect.

## POSSESSION OF PROPERTY BY A STATE COURT APPOINTED RECEIVER IS NOT SUFFICIENT POSSESSION OF THE PROPERTY BY A PARTY TO THE ACTION TO PERFECT A SECURITY INTEREST

There having been no recording of a financing statement, plaintiff relies on Commercial Code Section 9305 which allows a security interest in goods to be perfected by the secured party taking possession of the goods. Comment 2 under the Uniform Commercial Code Comments to Section 9305 states that possession may be by the secured party himself or by an agent on his behalf. The plaintiff contends that the appointment of a receiver in a state court action has the effect of the taking of possession by the moving party for the perfection of the security interest. While a receiver takes possession of the property for the benefit of the eventually prevailing party, see *Chiesur v. Superior Court,* 76 Cal. App.2d 198, 172 P.2d 763 (1946) and *Irer v. Hammond Lumber,* 99 Cal.App. 17, 277 P. 1053 (1929); it is clear that "the receiver is a mere agent and the property in his hands is really under the control and continuous supervision of the Court." *Lesser and Son v. Seymour,* 35 Cal.2d 494, 218 P.2d 536 (1950). A receiver holds the property as the representative of, and under the control of the court. *Chiesur v. Superior Court, supra.*

■ The receiver is not the agent of the plaintiff nor can it be said that he is acting on the plaintiff's behalf or under his control. The receiver is an agent of the court, holding the property for and under the control of the court. No argument has been advanced that the court in appointing the receiver is an agent of the plaintiff, and as such the plaintiff has never reduced the collateral to his possession. Since possession of the collateral was never taken by the secured party, there was no perfection of the security interest under California law and the plaintiff stands as an unsecured creditor.

## PERFECTION OF A SECURITY INTEREST WITHIN FOUR DAYS OF AN ORDER FOR RELIEF CONSTITUTES A VOIDABLE PREFERENCE WHEN FOR AN ANTECEDENT OBLIGATION

■ Another defect in the plaintiff's claim is that the security interest was alleged to have been perfected within four days of the filing of the Chapter 7 petition. 11 U.S.C. Section 547(b) provides that the trustee may avoid any transfer of property of the debtor:

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owned by the debtor before such transfer was made;

(3) while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of filing of the petition ...;

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The perfection of a security interest is the transfer of property within the meaning of Section 547(b), to the benefit of a creditor, based on an antecedent debt (the sale two years earlier), that is made while the debtor is presumed insolvent (Section 547(f)), within 90 days of the filing of the petition (four

days in this case), which would allow this plaintiff to take more as a secured creditor than as an unsecured creditor, since the debtor is insolvent. This case is the classic situation that Section 547 seeks to remedy; the recording of secret loans and security agreements on the eve of bankruptcy to the detriment of unsecured creditors who made advances based on the apparent unencumbered inventory of the debtor. Section 547(c)(5) raised by the plaintiff as a safe harbor section is inapplicable to the present situation. This section is directed to floating liens that have been perfected outside the ninety day to one year avoiding period of 547(b) so as to limit the amount of security that they can encumber and not the instant situation of a transfer that occurs when a security interest is perfected within the voidable preference period.

Therefore, this court holds that the security interest held by the debtor was not perfected when the state court receiver took possession because the receiver is the agent of the court and not the plaintiff. Not having perfected the security interest, the plaintiff has no right to demand the property from the trustee. Alternatively, if such possession by the receiver was sufficient possession by the plaintiff to perfect the security interest, the fact that the interest was perfected within ninety days of the filing of the bankruptcy petition would make the perfection a voidable preference under 11 U.S.C. Section 547(b) and, accordingly, the trustee would be entitled to retain the goods in question because the plaintiff's interest, if any, would be avoided as a preference.

This Memorandum Opinion and Decision shall constitute Findings of Fact and Conclusions of Law.