**In re AMERICAN AMBULANCE SERVICE, INC., a California corporation, Debtor.**

**Bankruptcy No. 82–05441–P7.**

United States Bankruptcy Court, S.D. California.

Feb. 27, 1985.

David L. Buchbinder, San Diego, Cal., trustee.

H. Brian Todd, Santa Ana, Cal., for La Jolla Bank & Trust Co.

## MEMORANDUM OPINION

ROSS M. PYLE, Bankruptcy Judge.

### I

### BACKGROUND

On December 9, 1982, American Ambulance Service, Inc., a California Corporation (hereinafter "Debtor"), filed a Chapter 7 Petition; and on December 10, 1982, David Buchbinder was appointed trustee. Creditor, La Jolla Bank & Trust Co. (hereinafter "Bank"), was listed as a secured creditor with a claim of $35,000.00. The security held by Bank was described as all present and future accounts, accounts receivable, inventory proceeds, and general intangibles, together with all monies and other rights to payments due and all repossessions and returns. Relying on its asserted security interest, the Bank brought a motion for an order directing the Trustee to turn over the proceeds of the accounts receivable.

The Trustee and the debtor opposed the motion asserting that 11 U.S.C. § 547 allowed the Trustee to avoid as a preference the transfer of the security interest in the accounts receivable. The matter was set for hearing on January 13, 1984, and was continued to March 2, 1984, when this Court took the matter under submission.

Under Bankruptcy Rule 7001, both an action for turnover of property and a preference action should be by way of an adversary proceeding. However, since neither party has objected to that procedural aspect of the matter and since the questions presented are simple and well defined, the Court will treat the matter as an adversary proceeding under Bankruptcy Rule 7001.

## II

## STATEMENT OF FACTS

On October 1, 1982, the Bank advanced $35,000.00 to the debtor. As security for, and in consideration of present and future advances, debtor granted the Bank a security interest in "all present and future accounts, accounts receivable, inventory proceeds, general intangibles, together with all monies and other rights to payment due or to become due thereunder and all repossessions and returns thereunder." Also on October 1, 1982, debtor and the Bank executed a UCC–1 Financing Statement. The Bank did not file the UCC–1 statement until November 10, 1982, forty days after the money was advanced. The time span between the advancement of the funds and the filing of the statement to perfect the security interest is attributed to internal delays and oversight on the part of the Bank. On December 9, 1982, the debtor filed its Chapter 7 petition.

The Trustee contends that the filing of the UCC–1 financing statement 40 days after funds were advanced constituted a transfer in consideration of an antecedent debt; therefore, the Bank's security interest is avoidable as a preference pursuant to 11 U.S.C. § 547(b). The Bank contends that the security interest is not avoidable for two reasons: (1) The transfer falls within the Section 547(c)(5) exception and, thus, is not avoidable as a preference, and (2) the transaction falls within the substantially contemporaneous exchange exception of 11 U.S.C. § 547(c)(1). Upon these premises, the Bank brought the instant motion for an order directing the Trustee to turn over the proceeds of the accounts receivable.

## III

## ISSUES

There are two issues presented to this Court. The first issue is whether perfection of the security interest in accounts receivable more than ten days after new value was given makes the § 547(c)(5) exception inapplicable and the transfer thus avoidable under § 547(b). The second issue raised is whether the transaction detailed above fits within the substantially contemporaneous exception of § 547(c)(1). In light of this Court's conclusion on the first issue, the second issue need not be addressed.

## IV

## DISCUSSION

■ A Trustee may avoid "any transfer of property of the debtor" if the six statutory requirements of 11 U.S.C. § 547(b) are met. The requirements are:

1. A transfer of debtor's property,
2. To or for the benefit of creditor,
3. For or on account of an antecedent debt,
4. Made while the Debtor was insolvent,
5. On or within 90 days of bankruptcy,
6. That enables a creditor to receive more than the creditor would have received if the transfer had not been made.

The burden of proving these six elements lies with the Trustee. *Matter of Jefferson Mortg. Co., Inc.*, 25 B.R. 963, 966 (Bkrtcy. N.J.1982).

■ Once the Trustee has met his burden, the burden shifts to the creditor to affirmatively show that the transfer falls within an exception under § 547(c) to the Trustee's avoiding powers. These exceptions provide safe harbors for certain transactions that fit within the definition of a voidable preference but which do not conflict with the purpose of § 547(b). *In re Vance*, 721 F.2d 259, 260 (9th Cir.1983); *In re Saco Local Development Corp.*, 25 B.R. 876, 878 (Bkrtcy.Me.1982); Countryman, Bankruptcy Preferences—Current Law and Proposed Changes, 11 UCC L.J. 95, 102.03 (1978).

■ In the instant case, the transfer to the Bank comes within § 547(c)(5), which provides:

(c) The trustee may not avoid under this section a transfer—

(5) of a perfected security interest in inventory or a receivable or the proceeds of either, except to the extent that the aggregate of all such transfers to the transferee caused a reduction, as of the date of the filing of the petition and to the prejudice of other creditors holding unsecured claims, of any amount by which the debt secured by such security interest exceeded the value of all security interest for such debt on the later of—

(A)(i) with respect to a transfer to which subsection (b)(4)(A) of this section applies, 90 days before the date of the filing of the petition; or

(ii) with respect to a transfer to which subsection (b)(4)(B) of this section applies, one year before the date of the filing of the petition; and

(B) the date on which new value was first given under the security agreement creating such security interest.

Since the Bank did not acquire its security interest until a date within the 90-day period, 11 U.S.C. § 547(c)(5)(B) applies. 4 Collier on Bankruptcy § 547.41 at 547–128 (15th ed. 1984).

It is clear that the language of § 547(c)(5)(B) is broad enough to cover a situation such as this one where both the new value is given and the security interest is perfected during the 90-day period prior to the filing of the petition. The question remains whether the 40-day delay in recording the security interest precludes the Bank from having a "perfected security interest" making that exception inapplicable and the transfer consequently unavoidable § 547(c)(5).

The Legislative History of § 547(c)(5) is not helpful in determining whether Congress intended to require timely perfection of a security interest. As the Trustee notes, the problem Congress was focusing on in enacting this statute was the validity of floating liens. The solution was to deem interests in accounts receivable avoidable only to a limited extent. The enactment of 11 U.S.C. § 547(c)(5):

"codifies the improvement in position test, and thereby overrules such cases as *DuBay v. Williams*, 417 F.2d 1277 (C.A.9, 1966 [1969]), and *Grain Merchants of Indiana, Inc., v. Union Bank and Savings Co.*, 408 F.2d 209 (C.A.7, 1969). A creditor with a security interest in a floating mass, such as inventory or accounts receivable, is subject to preference attack to the extent he improves his position during the 90-day period before bankruptcy. The test is a two-point test, and requires determination of the secured creditor's position 90 days before the petition and on the date of the petition. If new value was first given after 90 days before the case, the date on which it was first given substitutes for the 90-day point." Notes of Committee on the Judiciary No. 95–989

Case law on the subject is sparse. Another case which dealt with the issue as a subsidiary problem was *In re Phillips*, 24 B.R. 712 (Bkrtcy.E.D. CA 1982). In that case, the Court found that possession by a state court receiver was not sufficient to perfect a security interest under Section 9203 of the California Commercial Code, and the creditor was therefore unsecured.

The Court went on to note by way of *dicta* that, even assuming possession was sufficient to perfect the security interest,

perfection did not occur until four days before the petition was filed and would have been on account of an antecedent debt (a sale two years earlier). The Court was of the view that § 547(c)(5) was confined in its application to floating liens perfected outside the ninety day or one year avoiding periods, and that the safe harbor of § 547(c)(5) was therefore inapplicable. *Phillips, supra,* 24 B.R. at 714–715.

This Court disagrees with that *dicta* in *Phillips* and reaches a different result for the following reasons. Clearly, § 547(c)(5) sets forth an exception to transfers that are otherwise avoidable by the Trustee under § 547(b). Section 547(b) itself expressly provides that transfers therein described are avoidable *"except as provided in subsection (c)."* The argument that this exception to an otherwise avoidable preference is not applicable because elements of an avoidable preference are present is incongruous. Further, if, as the Trustee argues, Congress had intended that the security interest be *duly* perfected in order for the exception in § 547(c)(5) to apply, Congress could have set forth a 10-day perfection requirement as it did in 11 U.S.C. § 547(c)(3). There is no such limitation, and the conclusion is inescapable that the only requirement is perfection, no matter how tardy.

Therefore, this Court finds that the Bank's perfected security interest in accounts receivable is not avoidable *except* to the extent that there has been an improvement in position between October 1, 1982, the date new value was first given, and December 9, 1982, the date the petition was filed.

The burden of proof as to the extent of any improvement in the Bank's position as of the filing date would again shift back to the Trustee. Since no proof on the subject was presented, the Trustee has failed to carry the requisite burden.

## V

### CONCLUSION

Title 11, United States Code, Section 547(c)(5) sets forth an exception to those

transfers that may otherwise be avoided under § 547(b). This Court concludes that § 547(c)(5) encompasses the Bank's security interest, which was perfected more than ten days after the parties entered into the security agreement. Since 11 U.S.C. § 547(c)(5) applies to this case, the transfer of the security interest in the accounts receivable is not avoidable, except to the extent that there was an improvement in the Bank's position between the date new value was first given and the petition was filed. No such improvement has been shown.

The Bank's motion to turn over the proceeds of the accounts receivable should be granted.