**In re Bernard FRIEDMAN, Debtor.**

No. 94–CV–98.

United States District Court, N.D. New York.

May 10, 1995.

Hancock & Estabrook (R. John Clark, of counsel), Syracuse, NY, for debtor.

New York State Dept. of Taxation & Finance (Elis J. DeLia, of counsel), Utica, NY.

Mark W. Swimelar, Chapter 13 trustee, Syracuse, NY.

### MEMORANDUM DECISION AND ORDER

CHOLAKIS, District Judge.

Presently before the Court is an appeal of Bankruptcy Judge Steven D. Gerling's Mem-

orandum, Decision, Findings of Fact and Conclusions of Law, and Order of January 5, 1994. Therein, Judge Gerling denied a motion by Debtor, Bernard Friedman, to disallow two proofs of claim that had been timely filed by New York State Department of Taxation and Finance ("the Department").

The Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code on September 21, 1992. The caption on that petition was entitled "Bernard Friedman, Debtor, S.S. # 074–26–5602"—however, it did not include "d/b/a Bernie's Wine and Liquor Cabinet," nor the employer tax identification number ("EIN") for that business, as required by Rule 1005 of the Federal Rules of Bankruptcy Procedure[1]. That petition, along with the schedules filed with the Bankruptcy Court, list the Department's claim for unpaid sales taxes in the amount of Two Hundred Ninety–Four Thousand, Four Hundred Fifty–Eight Dollars and 64/100 ($294,-458.64). This claim—listed as "disputed" by the Debtor—is contained in his schedules as both a secured claim and an unsecured priority claim.

Debtor's proposed Chapter 13 plan ("the Plan") was attached to the "Notice of Hearing on Confirmation," which was served on all creditors, including the Department, on November 4, 1992. That Plan provided, *inter alia:*

2. From the payments so received, the Trustee shall make disbursements as follows:

a. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507(a), *except no payment shall be made to the New York State Department of Taxation and Finance* ("the Department"). *The failure of the Department to object to the confirmation of this plan shall constitute an agreement by the Department to this different treatment of its claim pursuant to 11 U.S.C. § 1322(a)(2). Upon the issuance of a discharge, the Department's lien against Debtor's property shall be terminated and vacated.*

(emphasis added).

However, this "Notice of Hearing on Confirmation" was simply captioned: "Bernard Friedman, Debtor." As with the petition, it too did not include the requisite "d/b/a Bernie's Wine and Liquor Cabinet" or the employer tax identification number for that business, as required by Rule 1005—however, it further failed to list the Debtor's social security number ("SSN")[2].

On December 7, 1992, the Department filed a Proof of Claim[3] with the Bankruptcy Court in the amount of Two Hundred Fifty–Eight Thousand, Eight Hundred Fifty–Eight Dollars and 23/100 ($258,858.23); thereafter, on January 6, 1993, the Department filed a Proof of Claim[4] in the amount of Three Hundred Seventy–Six Dollars and 71/100 ($376.71). Both proofs of claim were timely filed before the February 8, 1993 cut-off

---

1. Bankruptcy Rule 1005 states:

The Caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. *The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition.* If the petition is not filed by the debtor, it shall include all names used by the debtor which are known to petitioners.
(emphasis added).
Included within "all other names used by the debtor" are names "such as trade names, former married names and maiden name. * * * Additional names of the debtor are also required to appear in the caption of each notice to creditors." Advisory Committee Note to Rule 1005.

2. Although the Plan attached to the Notice did list the Debtor's SSN, it too failed to include the "d/b/a Bernie's Wine and Liquor Cabinet" or the EIN for that business.

3. The caption of this proof of claim lists the debtor as "Bernard Friedman, d/b/a Bernie's Wine and Liquor Cabinet." This claim—which references two tax warrants in the amount of $258,858.23—is for past sales taxes allegedly owed by this business from March 1, 1979 through August 31, 1982 and September 1, 1982 through November 30, 1984.

4. The caption of this proof of claim listed the debtor as "Bernard Friedman, AKA: Bernie Friedman"—for personal income taxes totalling $376.71, allegedly due for the period ending December 31, 1990.

date. Moreover, as understood by the Bankruptcy Court:

> [t]he Department ... maintained two separate files on the Debtor, one in his name, as an individual, and the other in his name, d/b/a Bernie's Wine and Liquor Cabinet. The two files were not cross-referenced. The former was accessed using the Debtor's SSN, the latter using the Department's tax file number and/or EIN. When the notice of the confirmation hearing was received in the name of the Debtor in his individual capacity, the Department elected not to pursue the matter as it believed that the only priority claim it had with respect to the individual Debtor was one in the amount of $376.71.

Memorandum, Decision, Findings of Fact and Conclusions of Law, and Order, January 5, 1994, p. 5.

Thereafter, by order of the Bankruptcy Court dated January 14, 1993, the Plan was confirmed. The Debtor subsequently moved to disallow the Department's two claims, based upon the contention that the Department's failure to object to the confirmation of the Plan bound the Department to the Plan. Nevertheless, as set forth in the Memorandum, Decision, Findings of Fact and Conclusions of Law, and Order dated January 5, 1994, the Bankruptcy Court refused to grant the Debtor's motion.

A review of the Record before this Court demonstrates that, despite Debtor's contention that ¶ 2(b) of the Plan specifically excluded any payment to the Department as a secured creditor, no such "specific exclusion" is apparent from a reading of that document. *See* ¶ 2(b) of the Plan. The Plan does not classify the Department's claims as *both* a secured claim *and* as an unsecured claim— the Plan specifically refers to *only* the "different treatment of [the Department's] claim pursuant to 11 U.S.C. § 1322(a)(2)." Thus, because 11 U.S.C. § 1322(a)(2) concerns *only* the priority of *un*secured claims, this reference in the Plan could—at best—provide notice *only* as to the Department's unsecured claim.

---

5. The Court also notes the Bankruptcy Court's additional recognition that Debtor's "Notice of Hearing on Confirmation" provided the Department with less than the 25 days notice required by Rule 2002(b) of the Federal Rules of Bankruptcy Procedure.

Accordingly, this Court is in full agreement with the Bankruptcy Court's determination that the Department failed to receive proper notice that the Debtor was electing to categorize its secured claim as an unsecured priority claim. Furthermore, Debtor's improper caption compounded the lack of notice to the Department [5]. As a result, the Bankruptcy Court's decision is hereby AFFIRMED.

**IT IS SO ORDERED.**