**In re BRIARWOOD HILLS ASSOCIATES, L.P.,**
**Debtor.**

**Bankruptcy No. 96–50749–3–7.**

United States Bankruptcy Court,
W.D. Missouri.

Aug. 20, 1999.

John H. Trader, Kansas City, MO, for debtor.

*ORDER DENYING MOTION FOR CONTEMPT*

JERRY VENTERS, Bankruptcy Judge.

This matter is before the Court on a Motion for Order of Contempt filed by the Trustee, asking the Court to find Theodore S. Derks ("Derks") and his counsel in contempt for filing a counterclaim against the Trustee in an Adversary Proceeding in this Court without first obtaining relief from the automatic stay of 11 U.S.C. § 362(a). For the reasons stated below, the Motion will be denied.

The factual background giving rise to the Trustee's Motion may be briefly stated. The Debtor, Briarwood Hills Associates, L.P., ("Debtor") filed a Chapter 11 bankruptcy petition on November 12, 1996, but the Chapter 11 was converted to Chapter 7 on March 20, 1997, and the Trustee was appointed to the case. On May 26, 1999, the Trustee filed a Complaint, pursu-

ant to 11 U.S.C. § 723(a), against Derks, the Debtor's sole general partner, seeking to compel Derks to pay the Trustee an amount sufficient to satisfy the claims of the partnership's general unsecured creditors, on the basis that it appears that there will be insufficient assets in the bankruptcy estate to pay all such claims.

In due course, Derks, by counsel, filed an Answer to the Complaint. The Answer included several affirmative defenses and a Counterclaim. The Counterclaim seeks a declaration that the partnership is terminated, asks the Court to compel the Trustee to pursue the limited partners for payment of their negative capital account balances to offset any deficiencies, and seeks indemnification from the Trustee for any deficiency that Derks might be compelled to pay. Upon receipt of Derks's Answer, the Trustee filed the instant Motion. The Trustee argues that the claims asserted by Derks in his Counterclaim do not appear to be compulsory counterclaims under Bankruptcy Rule 7013, that the Counterclaim fails to state a claim on which relief can be granted, that it fails to add indispensable parties, and that it should be dismissed for lack of jurisdiction.[1]

Section 362(a) of the Bankruptcy Code (11 U.S.C. § 362(a)) prohibits "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title" (Title 11, the Bankruptcy Code). Section 362(b) sets out numerous exceptions to the automatic stay of § 362(a), and § 362(d) further provides that the Court shall lift the restrictions of the stay if certain conditions, not applicable here, are met.

There are at least two basic and obvious reasons the Trustee's Motion is without merit and should be denied.

First, the automatic stay does not apply to proceedings in the bankruptcy court having jurisdiction over the debtor. Numerous courts have held that the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending. *Prewitt v. North Coast Village, Ltd. (In re North Coast Village, Ltd.)*, 135 B.R. 641, 643 (9th Cir. BAP 1992); *Lighthouse Bluffs Corp. v. Atreus Enterprises, Ltd. (In re Atreus Enterprises, Ltd.)*, 120 B.R. 341, 346 (Bankr. S.D.N.Y.1990); *In re Washington Manufacturing Co.*, 118 B.R. 555, 561 (Bankr. M.D.Tenn.1990); *In re American Sports Innovations*, 105 B.R. 614, 617 (Bankr. W.D.Wash.1989). *See also, Teerlink v. Lambert (In re Teerlink)*, 886 F.2d 1233, 1237 (9th Cir.1989) ("The stay does not operate against the court with jurisdiction over the bankrupt."). Similarly, it has been held that the filing of counterclaims in response to claims filed against a party by the Trustee and which are related to allegations made by the Trustee does not violate the automatic stay. *In re Bell & Beckwith*, 50 B.R. 422, 429 (Bankr. N.D.Ohio 1985); *American Spinning Mills, Inc. v. Kubicek (In re American Spinning Mills, Inc.)*, 43 B.R. 365, 367 (1984). *Cf. Lessig Construction, Inc. v. Schnabel Associates, Inc., (In re Lessig Construction, Inc.)*, 67 B.R. 436 (Bankr. E.D.Pa.1986).

The claims for relief asserted by Derks in his Counterclaim appear to be directly related to the allegations made against Derks by the Trustee. It was not necessary for Derks to ask the Court to lift the automatic stay so Derks could file those claims. If the Trustee's reasoning were followed to its logical end, it would require that creditors obtain relief from the automatic stay any time they want to file a dischargeability complaint against a debtor or a proof of claim against a debtor's estate. If that were the case, the bankrupt-

---

1. Although the Court is, by separate Order, dismissing the Counterclaim, it is not doing so because the Counterclaim was filed in violation of the automatic stay.

cy courts would be even more inundated with paper than they are now. Quite obviously, that was not and is not the purpose or intent of the automatic stay provisions of 11 U.S.C. § 362(a).

Second, the filing of the Counterclaim does not violate the automatic stay because the claims advanced in the Counterclaim could not have been asserted until the Adversary Complaint was filed against Derks. Section 362(a) prohibits the commencement or continuation of actions "that [were] or could have been commenced before the commencement" of the bankruptcy case. In this instance, the Counterclaim could not have been filed by Derks unless and until the Trustee filed suit against Derks. Of necessity, the Trustee's action must have been filed subsequent to the filing of the bankruptcy proceedings. *In re Bell & Beckwith*, 50 B.R. at 429. Accordingly, the Counterclaim filed by Derks could not be in violation of the automatic stay.

The Motion filed by the Trustee borders on the specious and frivolous. A few minutes' research would have led the Trustee's attorney to the cases cited by the Court hereinabove. Instead, the Trustee's Motion contained no citations to any legal authority. The Court would caution counsel to be more diligent in the future, and to perform the research necessary to determine whether a motion has at least arguable merit before filing it with the Court. Similarly specious and unresearched motions filed in the future will not be warmly received.

For the foregoing reasons, it is

**ORDERED** that the Trustee's Motion for Order of Contempt be and is hereby DENIED.

**SO ORDERED.**