In re Bruce Lee THOMPSON and
Charlet Mary Thompson,
Debtor.

No. 99–62175.

United States Bankruptcy Court,
W.D. Missouri.

Feb. 20, 2001.

Carla B. Oppenheimer, Kansas City, MO, for Creditor.

Fred Charles Moon, Springfield, MO, for trustee.

## MEMORANDUM OPINION

ARTHUR B. FEDERMAN, Chief Judge.

Creditor Fleet Credit Card Service (FCCS) filed a proof of claim in the amount of $4,739.94 in this Chapter 7 bankruptcy case. The Chapter 7 trustee filed an objection thereto claiming FCCS failed to document its claim. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B) over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), 157(a), and 157(b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 52 of the Federal Rules of Civil Procedure as made applicable to this proceeding by Rule 7052 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

Debtors filed this Chapter 7 bankruptcy case on December 20, 1999. At the time of filing, it appeared there would be no non-exempt assets for distribution to creditors. The Chapter 7 trustee did, however, discover some assets, and on June 12, 2000, he mailed a Notice to Creditors and Other Parties in Interest of the Need to File Claims (the Notice).[1] The Notice provided that claims must be filed on or before September 11, 2000. On July 5, 2000, the bankruptcy analyst for FCCS filed a proof of claim in the amount of $4,739.94.[2] The proof of claim filed with the Court had as an attachment a copy of a billing statement for debtor's account. The billing statement showed the balance to be $4,739.94 as of December 26, 1999. It contained an account number, the billing cycle closing date, and the minimum payment due. Nonetheless, on September 26, 2000, the Chapter 7 trustee filed an objection to the claim stating that the proof of claim contained "no documentation showing the calculation of the amount of the claim or lacks sufficient documentation from which such calculation can be determined."[3] The form Objection to Claim, upon which objections to claims are filed in this District, also contains a form Order Disallowing Claim: Notice of Time to Object or Modify Claim.[4] This self-executing Order provides as follows:

**IT IS SO ORDERED THAT** the above claim be disallowed as recommended by the Trustee, subject to modification upon written application within 30 days from the date below.

The creditor is notified that the above Order has been entered. If no application to modify the above Order or response to the Trustee's objection is filed within 30 days, the Order will be final.[5]

FSSC did not, however, choose to file a response to the trustee's objection. Instead, by letter dated October 12, 2000, and addressed to the Office of the Clerk of the Bankruptcy Court for the Western

1. Doc. # 15.

2. Claim # 1.

3. Doc. # 22.

4. *See Id.*

5. *Id.*

District of Missouri, and carbon copied to the Chapter 7 trustee, the bankruptcy litigation coordinator for FCCS, Christopher La Rocque, informed the Court that he was filing an amended proof of claim with supporting documentation. Mr. La Rocque also requested a file-stamped copy of the amended proof of claim. On November 8, 2000, the Chapter 7 trustee objected to the amended proof of claim on the grounds that FCCS did not file either a timely response or a timely application to amend the self-executing Order disallowing the claim, therefore, the claim as filed was not timely. On December 7, 2000, FCCS did file a response to the trustee's objection to the amended claim, and this Court set the matter for hearing on January 3, 2001. At the hearing, counsel for FCCS argued that the letter and amended proof of claim was filed in a timely manner and satisfied the Court's request in its Order and Notice of Time to Object or Modify Claim. He also argued that an objection to a proof of claim is a contested matter, and that the objection has to be served on the registered agent for FCCS, not mailed to the bankruptcy litigation analyst who filed the proof of claim. The trustee argued that an amended proof of claim is not a response, therefore, FCCS did not respond within 30 days, and the Order conditionally sustaining the objection to the proof of claim became final. As a result, the trustee argued, FCCS could not, and cannot now, amend a proof of claim that has been disallowed.

## DISCUSSION

There are four issues at play here: (1) whether filing an amended proof of claim is analogous to filing a response; (2) whether filing an objection to a proof of claim initiates a contested matter requiring more precise service; (3) whether mailing a letter informing the Court that a creditor is filing an amended proof of claim is the same as filing a written application to file an amended proof of claim; and (4) what is insufficient documentation justifying an objection to a proof of claim. I will, however, address only the third and fourth issues, as they resolve the matter before me.

A properly executed proof of claim is "prima facie evidence of the validity and amount of the claim."[6] Any creditor may execute a proof of claim.[7] The only requirement is that it be in writing and that it set forth the creditor's claim.[8] There are no specific requirements for documentation for unsecured claims, other than submitting a writing, if the debt is based on a writing.[9] Nor is there a requirement, or even a suggestion, that a creditor must seek legal advice before filing a proof of claim. In this case, the bankruptcy analyst for FCCS filed with the Court a proof of claim with a copy of the most recent billing statement. The trustee objected, citing lack of documentation. In response to the Chapter 7 trustee's objection, FCCS's bankruptcy analyst mailed a letter informing the Court that he was filing an amended proof of claim. The amended proof of claim contained a copy of the same billing statement. While FCCS did not raise this issue in its response, I find that the proof of claim, as filed originally, was properly documented, therefore, the objection was groundless, unless the trustee had some evidence to indicate that

6. Fed. R. Bankr.P. 3001(f).

7. *Id.* at 3001(b).

8. *Id.* at 3001(a).

9. *Id.* at 3001(c); *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 225 (9th Cir. BAP 1995).

the debtors had not incurred the debt. The trustee may file a written objection to a proof of claim, provided the objection is supported by sufficient evidence to rebut the presumption of validity.[10]

The Local Rules of Practice–United States Bankruptcy Court–Western District of Missouri (the Local Rules) do not explicitly provide that filing an amended proof of claim satisfies the requirement for a creditor to file a response to a claims objection within 30 days from the date of the order:

> **B. Response by Creditor.** The creditor may respond to an objection within 30 days from the date of the order. If a response is filed, the Court will set the matter for hearing. If no response is filed, the objection may be sustained.[11]

An amendment to the Local Rules is perhaps in order to clarify that the creditor may file an amended claim, if appropriate, instead of contesting the objection to its original claim. As FCCS points out, it is a burden on a creditor to have to retain counsel for the purpose of filing a response to a claim's objection when a simple amendment to the claim is all that is needed.

■ In this case, however, I am bound by the Rules that are currently in place. I will, therefore, construe the directions contained in the Order issued by this Court following the first objection. I begin with the caption of the self-executing Order. It is captioned *ORDER DISALLOWING CLAIM; NOTICE OF TIME TO OB-JECT OR MODIFY CLAIM.* The caption indicates that one alternative open to the creditor is to modify the claim. The Order itself states, "**IT IS ORDERED THAT** the above claim is disallowed as recommended by the Trustee, subject to modification upon written application within 30 days from the date below." [12] In response to this Order, the bankruptcy analyst for FCCS wrote a letter to the Clerk of Court informing the Court that he was filing an amended proof of claim. I cannot find that FCCS unreasonably interpreted this Order, nor that it failed to comply with the Order as written. Granted, Mr. La Rocque did not file a formal motion or "application" to modify the Order of the Court, but under the circumstances, I find that, by writing a letter and filing an amended proof of claim, he did comply with the requirements of the Order as it is now written. As stated, it would appear that an amendment to Local Rule 3007–1.B is in order to clarify that a creditor has the right to file an amended claim in lieu of a response under these circumstances.

For all of these reasons, I will overrule the Chapter 7 trustee's objection to the amended proof of claim. An Order in accordance with this Memorandum Opinion will be entered this date.

---

10. Fed. R. Bankr.P. 3007; *Brown v. Internal Revenue Service (In re Brown),* 82 F.3d 801, 804 (8th Cir.1996); *In re Interco Inc.,* 211 B.R. 667, 677 (Bankr.E.D.Mo.1997) (holding that a properly filed proof of claim is prima facie evidence of the amount and validity of the claim, and a debtor who objects must offer evidence in rebuttal. Sufficient evidence in rebuttal shifts the burden to the claimant to establish a right to payment); *In re Hydorn,* 94 B.R. 608, 612 (Bankr.W.D.Mo. 1988) (stating that a proof of claim executed and filed in accordance with Rule 3001(f) is prima facie evidence of the validity and amount of the claim, and the debtor must object to the value of the claim in order to defeat the prima facie connotation).

11. Local Rule 3007–1.B.

12. Doc. # 22.