### In re FARMLAND INDUSTRIES, INC., et al., Debtors.

### No. 02–50557–JWV.

United States Bankruptcy Court, W.D. Missouri.

Dec. 29, 2003.

Cassandra L. Writz, Cynthia Dillard Parres, Laurence M. Frazen, Mark G. Stingley, Michelle M. Masoner, Robert M. Thompson, Staci O. Schorgl, Tammee E. McVey, Bryan, Cave LLP, Kansas City, MO, Frank W. Lipsman, Morton, Hubbard, Ruzicka & Kreamer, Olathe, KS, Gene A. DeLeve, Berman, Deleve, Kuchan & Chapman, Michael D. Hockley, Spencer, Fane, Britt & Browne, Kansas City, MO, Thomas R. Graham, King & Spalding LLP, Washington, DC, for Debtors.

Jerry L. Phillips, Paula C. Acconcia, Office of the U.S. Trustee, Erlene W. Krigel, Krigel & Krigel, P.C., Kansas City, MO, Jerrold A. Wanek, Garten & Wanek, Des Moines, IA, Alvin D. Shapiro, Shapiro, Manson & Karbank, Overland Park, KS, Thomas M. Franklin, John Joseph Cruciani, Blackwell, Sanders, Peper, Martin LLP, Neil L. Johnson, Berkowitz, Stanton, Brandt, Williams & Shaw, Kansas City, MO, for Interested Party.

Brian M. Devling, Husch & Eppenberger, Kansas City, MO, Christopher A. Artzer, Akin, Gump, Strauss, Hauer & Feld, Houston, TX, Christopher J. Redmond, Gary D. Barnes, Marcus Alan Helt, Husch & Eppenberger, Kansas City, MO, Henry J. Kaim, S. Margie Venus, Houston, TX, Daniel J. Flanigan, James E. Bird, Polsinelli, Shalton & Welte PC, Kansas City,

MO, Kathleen R. Pasulka–Brown, Mark L. Prager, Michael J. Small, William J McKenna, Foley & Lardner, Chicago, IL, for Creditor Committee.

## MEMORANDUM OPINION

JERRY W. VENTERS, Bankruptcy Judge.

The pending matter in this Chapter 11 case requires the Court to delve into the muddy waters of bankruptcy procedure, a generally uncharted area that is all too often given irreverent acknowledgment by courts and practitioners alike. In particular, the present matter blurs the distinctions between adversary actions and claims proceedings—both of which have distinct rules.

On August 8, 2003, Farmland Industries, Inc. et al. ("Farmland") filed its Fourth Omnibus Objection to Insufficient Documentation Claims (Document No. 4619). Of particular concern is the objection to the proof of claim filed by the Chapter 7 Trustee for Globe Building Materials, Inc. ("Globe") in the amount of $56,145.18. Farmland objects to Globe's proof of claim not only on grounds of insufficient documentation, but also because the amounts Globe claims arise out of Globe's asserted right to avoid preferential transfers to Farmland in Globe's own bankruptcy proceeding, pursuant to 11 U.S.C. §§ 547 and 550, and because Globe did not timely bring an adversary proceeding to adjudicate its claim. The parties presented documentary evidence and oral arguments on the validity of Globe's proof of claim on December 8, 2003, and after taking the matter under advisement, the Court is prepared to rule that Globe's proof of claim is sufficiently documented, that the claims proceeding was transformed into an adversary proceeding as a result of Farmland's objections, and that Globe's claims are not barred by prescription.[1]

## I. BACKGROUND

On January 19, 2001, Globe filed a Chapter 11 bankruptcy in the Northern District of Indiana. On April 4, 2001, that case was converted to Chapter 7 of the Bankruptcy Code and Gordon E. Gouveia ("Gouveia") was appointed as the trustee to liquidate Globe's assets. According to Gouveia, Farmland received avoidable preferential transfers from Globe in the amount of $56,145.18 in the ninety days prior to Globe's bankruptcy filing, pursuant to 11 U.S.C. §§ 547 and 550.

Then, on May 31, 2002, Farmland filed its Chapter 11 bankruptcy in the Western District of Missouri. Rather than filing an adversary proceeding against Farmland in Globe's own Chapter 7 proceeding in Indiana, Globe filed a proof of claim in Farmland's bankruptcy case on January 7, 2003, and attached an exhibit listing check numbers, payment dates, and the amounts of the checks sent to Farmland by Globe. In an attached typewritten explanation, Gouveia stated that the exhibits represented preferential transfers and were owed to Globe.

## II. DISCUSSION

Farmland argues that Globe's proof of claim should be denied because: A) it is insufficiently documented; B) a claim based on preferential transfers must be brought by an adversary complaint; and C) the statute of limitations has run on Globe's right to assert a preference action under § 547 of the Bankruptcy Code. Globe, on the other hand, contends that Farmland's objection to its proof of claim

---

1. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(B) and (O). This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 157(a) and 1334.

is too vague to overcome its *prima facie* validity, that the filing of a proof of claim is the equivalent of the filing of an adversary complaint, and even if it is not, filing a proof of claim tolls the statute of limitations. We will address these issues in turn.

## A. Insufficient Documentation

■ Farmland's original objection to Globe's proof of claim is that Globe provided insufficient documentation to support its claim.

"A proof of claim executed and filed in accordance with [the Bankruptcy Rules] shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). The only requirement is that it be "a written statement setting forth a creditor's claim," and that it "conform substantially to the appropriate Official Form." Fed. R. Bankr.P. 3001(a). "There are no specific requirements for documentation for unsecured claims, other than submitting a writing, if the debt is based on a writing." *In re Thompson*, 260 B.R. 484, 486 (Bankr.W.D.Mo.2001) (citing *Ashford v. Consolidated Pioneer Mortgage (In re Consolidated Pioneer Mortgage)*, 178 B.R. 222, 226 (9th Cir. BAP 1995), *aff'd*, 91 F.3d 151 (9th Cir.1996) (unpub.)). Here, the proof of claim filed by Globe is in writing, sets forth the claim and the amount, and conforms substantially to the Official Form. The claim is not invalid for insufficient documentation.

## B. Failure to Bring an Adversary Complaint to Adjudicate Preference Action

■ Farmland next argues that Globe cannot use the proof of claim process to collect on a claim that should be asserted in an adversary proceeding.

Pursuant to Fed. R. Bankr.P. 7001(1), "a proceeding to recover money or property" is an adversary proceeding governed by Part VII of the Bankruptcy Rules. An action to recover money paid in a transaction avoidable as a preference under either § 547 or § 550 is a "proceeding to recover money or property" and is properly brought as an adversary proceeding. *See, e.g., Harrah's Tunica Corp. v. Meeks (In re Armstrong)*, 291 F.3d 517, 520 (8th Cir. 2002) (initiating an adversary proceeding to avoid preferential transfers); 1983 Advisory Committee Note, Fed. R. Bankr.P. 7001 ("Proceedings to which the rules in Part VII apply directly include those brought to avoid transfers by the debtor under §§ 544, 545, 547, 548, and 549.").

Pursuant to Fed. R. Bankr.P. 3002(a), an unsecured creditor must file a proof of claim or interest for the claim or interest to be allowed. Fed. R. Bankr.P. 3002(a). Even upon objection, Globe's proof of claim provides some evidence as to its validity and amount and is strong enough to carry over a mere formal objection without more. *See Wright v. Holm (In re Holm)*, 931 F.2d 620, 622–23 (9th Cir. 1991). A party objecting to a proof of claim has the burden of going forward to "meet, overcome, or, at minimum, equalize the valid claim." *FDIC v. Union Entities (In re Be–Mac Transport Co.)*, 83 F.3d 1020, 1025 (8th Cir.1996) (quoting *In re Gridley*, 149 B.R. 128, 132 (Bankr.D.S.D. 1992)). Once the burden of overcoming the *prima facie* validity of the proof of claim is met, the ultimate burden of persuasion always rests on the claimant by a preponderance of the evidence. *Id.* An objection to a proof of claim initiates a contested matter under Fed. R. Bankr.P. 9014(a), even though it is not commenced by motion. And, when "an objection to a proof of claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding." Fed. R. Bankr.P. 3007.

Normally, when a debtor fails to schedule a contingent and unliquidated liability and the creditor has notice of the bankruptcy, that creditor will file a proof of claim prior to the bar date and then seek relief from the automatic stay to pursue that claim to judgment. Although Globe timely filed its proof of claim, it never sought a lifting of the automatic stay in this case and never initiated litigation against Farmland in its own bankruptcy case to pursue its preference claims to judgment. In other words, the Chapter 7 Trustee for Globe took advantage of the presumption of validity in the claims process, apparently hoping that his claim would be paid without objection; thus, Globe attempted to skip the time and expense of an adversary proceeding in an effort to have its claim more efficiently determined.

Although denominated as an objection to insufficient documentation, the substance of Farmland's objection also includes a dilatory exception to the improper use of procedure, and then a peremptory allegation that the claim is barred by prescription. While the first objection—insufficient documentation—initiates a contested matter, the second and third parts of Farmland's objection squarely relate to Globe's assertion of a claim under Sections 547 and 550 of the Bankruptcy Code. The substance of Farmland's objection requests a declaration from the Court, under Fed. R. Bankr.P. 7001(1) and (9),[2] that

Globe is not entitled to "recover money or property" through its preference claim, which under the express provisions of Rule 3007 transforms this matter into an adversary proceeding. *See In re Robinson*, 217 B.R. 527, 530 (Bankr.E.D.Tex.1998) ("The Rule states: 'If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.' The plain meaning of the word 'becomes' appears to indicate that it happens automatically, without the need of further action by Debtors.") (emphasis in original); *In re Friedman*, 184 B.R. 883, 887 (Bankr.N.D.N.Y.1994) (stating that what the Debtor was actually seeking in a motion for claim disallowance was a declaratory judgment regarding the validity or extent of the creditor's lien, which is more properly brought within the context of an adversary proceeding, but because the rights of the parties were protected the court refused to "elevate form over substance" and allowed the issue to proceed as a contested matter), *aff'd*, 184 B.R. 890 (N.D.N.Y.1995). Because the substance of Farmland's objection concerns a declaration regarding Globe's right to recover money from Farmland's bankruptcy estate, because the drafters of the Bankruptcy Rules clearly contemplated preference actions to be adversary proceedings—not contested matters—and because Farmland specifically objected to Globe's use of the claims procedure to collect on its claim,[3] the Court finds it

---

**2.** Those provisions state:

> An adversary proceeding is governed by the rules of this Part VII. The following are adversary proceedings:
> (1) a proceeding to recover money or property, other than a proceeding to compel the debtor to deliver property to the trustee, or

a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002;

.    .    .    .    .

(9) a proceeding to obtain a declaratory judgment relating to any of the foregoing. . . .

Fed. R. Bankr.P. 7001.

**3.** Other courts have allowed a proceeding that would ordinarily be an adversary proceeding under Fed. R. Bankr.P. 7001 to proceed as a contested matter on the tacit consent of the

appropriate to convert Globe's proof of claim and Farmland's objection into an adversary proceeding under authority of Fed. R. Bankr.P. 3007.[4]

## C. Prescription

■ As a matter for the *de jure* adversary proceeding, Farmland asserts that Globe does not have the right to assert any preference actions because the applicable prescriptive period has run without Globe ever filing an adversary complaint. The Court disagrees.

Pursuant to 11 U.S.C. § 546(a), "[a]n action or proceeding under section ... 547 ... may not be commenced" after two years after the entry of the order for relief, or one year after the appointment of a trustee if that appointment occurs within two years after the entry of the order for relief, whichever is later. A prescriptive date serves to bring finality to an issue and to prevent stale claims. *See, e.g., Anderson v. Yungkau,* 329 U.S. 482, 486, 67 S.Ct. 428, 91 L.Ed. 436 (1947) ("[T]he normal policy of a statute of limitations is to close the door—finally, not qualifiedly or conditionally"). While it is true that an adversary proceeding is "commenced" by the filing of a complaint with a court, Fed. R. Bankr.P. 7003, collection on an unsecured claim is also "commenced," in part, by the timely filing of a proof of claim.

The Debtor cites the case of *Millhone v. Swan Lumber Co. (In re Sims Bros. Builders, Inc.),* 35 B.R. 149, 150–51 (Bankr.S.D.Ohio 1983), for the proposition that 11 U.S.C. § 546(a) requires the commencement of an adversary action. There are two problems with this conclusion. First, the plain language of the statute uses the disjunctive "or" indicating that commencement of an "action" can be different from the commencement of a "proceeding." Second, the Bankruptcy Rules provide at least five different types of procedures to carry out the provisions of the Bankruptcy Code, including adversary proceedings, which are generally initiated by a complaint (Part VII); contested matters, which are generally initiated by a motion (Rule 9014); procedures for applications (Rule 2014, for example); procedures for claims (Part III); and procedures for notice (various Parts). While an "action" is generally understood to mean a lawsuit brought in court on a formal complaint, *Black's Law Dictionary* 28 (6th ed.1990), a "proceeding," in a general sense, is understood to be the "form and manner of conducting juridical business before a court." *Id.* at 1204. Thus, in a bankruptcy context, an action may be understood to mean the commencement of an adversary proceeding, which is commenced by filing a complaint, and a proceeding may be more generally understood to mean any of the five different types of

---

parties. *In re Stewart,* 215 B.R. 633, 635 (Bankr.M.D.Fla.1997); *In re Friedman,* 184 B.R. at 887; *cf. In re American Ambulance Service, Inc.,* 46 B.R. 658, 659 (Bankr. S.D.Cal.1985) (noting that an issue properly brought as a adversary proceeding was presented on motions and stating that the court would adjudicate the matter as if it was an adversary proceeding). Here, however, Farmland has filed an objection to the action by Globe.

4. In this instance, no need exists for the Court to grant relief from the automatic stay. Rule

3007 expressly delineates the manner in which disputes over claims are initiated and the automatic stay does not operate against a court with jurisdiction over bankruptcy. *In re Briarwood Hills Assoc.,* 237 B.R. 479, 480 (Bankr.W.D.Mo.1999) ("[T]he automatic stay does not apply to proceedings in the bankruptcy court having jurisdiction over the debtor. Numerous courts have held that the automatic stay implicitly does not bar a party from commencing a proceeding against the debtor in the court where the bankruptcy petition is pending.").

procedures provided for by the bankruptcy rules. In short, the Court finds nothing in the language of 11 U.S.C. § 546(a) that limits "an action or proceeding" to only adversary complaints.

Furthermore, within the context of claims procedures, Fed. R. Bankr.P. 3007 expressly states that "an objection to a claim [that] is joined with a demand for relief of the kind specified in Rule 7001 ... *becomes* an adversary proceeding." (Emphasis added). More specifically, the objection does not *initiate* an adversary proceeding; rather, the claims objection transforms the existing proceeding into a different type—the initiation date always remains the same. *In re Robinson,* 217 B.R. at 530.

In this case, Globe commenced a "proceeding"—through the claims procedure—on January 7, 2003, to collect monies allegedly owed to it. The applicable prescriptive period did not run until January 19, 2003, two years after the order for relief was entered in Globe's bankruptcy proceeding; thus, the claim is timely pursuant to 11 U.S.C. § 546(a) and is not stale. The fact that Farmland's objection converts the claims proceeding into an adversary proceeding does not change the initial filing date.

## III. CONCLUSION

The Court will deny Farmland's present objections to Globe's proof of claim. The Court finds that the claim is sufficiently documented so as to withstand dismissal at this early stage of the proceeding. The Court does not find the actions of Globe too untoward in filing a proof of claim which constituted the prayer for monetary relief ordinarily sought through an adversary complaint. Through the operation of Fed. R. Bankr.P. 3007, the claims procedure was transformed into an adversary proceeding when Farmland substantively objected to Globe's proof of claim and sought a declaration regarding Globe's right to recover money from Farmland's bankruptcy estate. Conversion is appropriate in this instance because the drafters of the Bankruptcy Rules clearly contemplated preference actions to be adversary proceedings, and because Farmland specifically objected to Globe's use of the claims procedure to collect on its claim. Under these circumstances, an action under Part VII of the Bankruptcy Rules is not proscribed by 11 U.S.C. § 546(a) because the *de jure* adversary proceeding is not started anew; rather, it is a mere continuation of the claims procedure with the application of a new set of rules. In an effort to provide transparency, and to allow the parties to specifically detail the cause of action giving rise to the proof of claim and all remaining defenses thereto, the Court will direct Globe to file an adversary complaint in Farmland's bankruptcy within twenty (20) days of entry of the accompanying Order, so that this matter may move forward for a final adjudication consistent with the provisions of Part VII of the Bankruptcy Rules.

This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Fed. R. Bankr.P. 9014(c) and 7056. A separate order shall be entered pursuant to Fed. R. Bankr.P. 9021.